Wheeler, J.
The objection now urged to the judgment, that the verdict was against Cook alone, and did not authorize judgment to be rendered against his co-defendant, is not embraced in tlie assignment' ol errors; and this might be a sufficient answer to the objection. It is susceptible of the farther answer, that if an error, it has operated no injury to Cook, and his co-defendant lias not appealed. There is,however, [361] nothing in tlie objection. The verdict is *181 general for the plaintiff. The attempted statement of the title of the ease was mere surplusage. The verdict possesses the essential requisites of intelligibility and certainty, and it is not vitiated by the misdescription of the case which it contains.
The application for a change of venue came too late to entitle it to favor or to consideration as a matter ‘of right, especially as the delay in presenting it was not explained. It is the right of a part}1, on compliance with the requirements of the law, to have a change of venue; hut this, like every other right, must he asserted within a convenient and reasonable time. This does not appear to have been done in the present case, and, under the circumstances, we cannot say that the court did not exercise a sound discretion in refusing to give further time.
In the instructions to the jury the court, in effect, ruled that the case was one in which they were authorized to give exemplary damages. And in this there was no error. (Smith v. Sherwood, 2 Tex. R., 460; Graham v. Roder, 5 Id., 141.) The evidence showed a premeditated, willful trespass, committed under circumstances of aggravation and outrage which called for exemplary damages. The conduct of the defendants evinced a spirit of insubordination to la&. a determination to accomplish their purpose irrespective of the rights of the plaintiff and regardless of the consequences. It was characterized by such acts of lawless violence and oppression as rendered it a proper case for the giving of damages, not merely to compensate, but to punish. There were in evidence no extenuating circumstances. There can bo no pretense that the alleged promise of the. plaintiff' to give the defendant possession if he did not show him a title, could avail the defendant, either in justification of the trespass, or in mitigation of damages. The plaintiff was uuder no obligation to make such a promise, and if made, it was without consideration, and, consequently, without legal effect. — a mere nudum pactum.
It was competent to prove the circumstances which attended and gave character to the trespass. “As the jury, in an action of trespass, are not re- “ strained in their assessment of damages to the amount of the mere pecuniary “loss sustained by the plaintiff, but may award damages in respect to the mali-“cions conduct of the defendant and the degree of insult with which the trespass has been attended, the plaintiff is at liberty to give in evidence the circumstances which accompany and give character to the trespass. If the “defendant, while ho is an actual trespasser in the iffaintiffs house, or on his “land, commit any other trespass to the person of the plaintiff, orto the person “of his wife, children, or servants, then, although distinct and substantive ac“tions of trespass might have been maintained in respect of such trespasses, “or actions on the case might have been supported for the consequential dam-“ago in respect to the loss of service, or expense of cure, &c., yet such acts of “trespass and their consequences may be alleged and proved in aggravation “of the damages.” (2 Stark. Ev., 813.) The defendant’s conduct- and expressions, whilst he was in the act of committing the trespass, are always evidence to show his malice and the degree of insult offered to the plaintiff, although where they afford a distinct ground of action, upon which a recovery may be had in another suit, the jury are not to ward damages in respect of that distinct injury or its consequences, but only in respect of the principal trespass. (Id., 814.) Although the jury were not at liberty to give damages in this action for any injury sustained by the wife of the plaintiff for which she might sue. jointly with her husband, yet the conduct of the defendants towards her, while committing the trespass complained of, was admissible in evidence to show the motives by which they were actuated in committing the trespass, aud the insult and injury sustained by the plaintiff. It does not appear that the jury exceeded their province in estimating the damages.
To authorize the setting aside a verdict on the ground of excessive damages in a case like the present, they must bo so extravagant as to induce the *182 suspicion of improper conduct. (1 Wash. C. C. E., 152.) There is nothing in tlie present case to induce such suspicion. *
Note 5G. — Kolb v. Bankhead, 18 T., 220,* Hoggland v. Cothren, 25 T., 345j Gordon v. Jones, 27 ff., C20.
There is no error in the judgment, and it is affirmed.
Judgment affirmed.