Kelly *et al. v.* Downs.    Same *v.* Cecil Bank of Maryland.

EDWARD KELLY *et al.*, Appellants, *v.* EDWARD H. Downs, Appellee.

THE SAME, Appellants, *v.* THE CECIL BANK OF MARYLAND, Appellee.

#### APPEALS FROM THE SUPERIOR COURT OF CHICAGO.

It is within the province of a court to determine, whether a day, is or not, reasonable notice of an application for a change of venue. Also, whether anything beyond the petition for this purpose shall be considered. Supplementary affidavits in aid of such a petition need not be heard.

Notice of an intention to apply for a change of venue, should be given at the earliest period.

THESE were two actions of assumpsit, commenced in the Superior Court of Chicago, by the appellees against the appellants on promissory notes, on the 9th day of October, 1860. The proceedings in each case, from their commencement to their conclusion, were the same.

. The declarations were filed on the 26th of October, 1860.

. The plea of the general issue and notice of set-off, with affidavit of merits, were filed, and issue was joined. On the 8th day of October, 1861, just before the cases were called for trial " on the regular call of the docket," a petition for a change of venue was filed in each case, and a motion made to change the venue in accordance with said petition, which the court overruled. The cases were then called, a jury empanneled, and the issues tried, and a verdict rendered for the plaintiffs (in the court below) in each case.

The appellants allege that the court erred in overruling the motion for a change of venue. The petition upon which this motion was based sets out that " the inhabitants of the county of Cook are prejudiced against this affiant, so that he cannot expect a fair trial, etc. ; and that the causes of such prejudice have arisen and come to the knowledge of this defendant within less than ten days last past."

W. W. DRUMMOND, for Appellants.

HERVEY, ANTHONY & GALT, for Appellees.

Fairman *v.* Bavin.

Breese, J. We are well satisfied the court below decided correctly, in denying the motion for a change of venue. It was within the province of that court to determine, that one day was not reasonable notice for an application of that nature, and in deciding that it would not look beyond the matters contained in the petition for the change, and that supplementary affidavits to cure defects in the petition could not be received. The notice of the application for a change of venue was given about the time the cause was called for trial, and the petition states that the causes rendering a change necessary, came to the knowledge of the petitioners " within less than ten days last past." *Non constat,* they obtained the knowledge nine days before the application was made, and if so, they should have given the plaintiff the earliest notice such time would allow, and make the application to the judge at chambers. We cannot distinguish this case from the case of *Moss* v. *Johnson,* 22 Ill. 634. As said in that case, the appellants, " by their own showing, did know of the cause some days before the application was made. They were negligent in not giving the earliest and speediest notice of this intended application ; " or give some good reason for failing so to do. This would have saved to the plaintiff the trouble and expense of a preparation for trial.

The court decided correctly in denying the motion, and in refusing to receive the supplementary affidavit, and the judgment must be affirmed.

*Judgment affirmed.*