# Ex parte RHODES.

[APPLICATION FOR MANDAMUS.]

1. *Crenshaw county; act to establish, 6th section of, what right it gave defendants.*—The 6th section of the act to establish the new county of Crenshaw, gave defendants residing in said new county, a right, not depending on the discretion of courts, to have suits pending in any of the courts of the counties, out of which said new county was formed, transferred for trial to the court having jurisdiction thereof, in the new county, upon the application of such defendants.
2. *Same; right will be held to be waived, if application not made in a reasonable time.*—Such application must be made within a reasonable time, or the right will be held to be waived. An application made more than two years after the passage of said act, is not within a reasonable time, and may, for that reason, be denied.

THIS was an application, by G. W. Rhodes, for a *mandamus*, to compel the circuit court of Butler, Hon. P. O. Harper presiding, to transfer a certain cause and the trial thereof, wherein said G. W. Rhodes is defendant, and Lee & Norton plaintiffs, to the circuit court of Crenshaw.

The application for the transfer was made in the court below, upon the following grounds, viz : " That the said Rhodes, defendant, when this action of Lee & Norton against him commenced, was, and is now, a freeholder and resident of that part of Butler county, which, since the commencement of the suit, has been incorporated into, and now is, a part of the new county of Crenshaw. The facts upon which the defendant based his application were admitted by plaintiffs' counsel to be true. It was also agreed that the suit was commenced before the spring term, 1866, and placed on the docket of Butler circuit court at that term ; that it was never regularly reached and called on the docket but twice—once at the spring term, 1068, when it was continued, on the application of the defendant, Rhodes ; and once at this (spring) term, 1869, when the application for transfer was made. This was all the evidence." The court denied defendant's ap-

plication, and refused to transfer the cause to Crenshaw county, to which action of the court the defendant duly excepted. Thereupon, the court, at the instance of the plaintiffs, continued the case until the next term.

T. H. HERBERT, for motion. (No brief on file.)

WATTS & TROY, contra.—1. The motion was made by Rhodes for change of venue, at the spring term, 1869, under the act of the legislature, passed 24th November, 1865, creating the new county of Crenshaw. It was under the 6th section of the act, that the motion in the court below was made. The suit of Lee & Norton against Rhodes was commenced and prosecuted to the spring term, 1866, of Butler court. *The right* of Lee & Norton to have this case tried in Butler county, was thus vested in them by the commencement of their suit. The county of Crenshaw was not then in existence.

The legislature had no right to *direct* the change of the venue in this case from Butler to any other county.

2. The change of venue, *in any case*, is the exercise of *judicial power*.

The constitution of Alabama (1st section of article 11 of the constitution), declares that the powers of the government of the State of Alabama shall be divided into three distinct departments, and each of them confided to a separate body of magistracy, to-wit: Those which are legislative to one; those which are executive to another, and those which are judicial to another.

And the 2d section of this second article of the constitution declares, that "no person, or collection of persons, being of one of those departments, shall exercise any power properly belonging to either of the others, except in the instances hereinafter expressly directed or permitted."

If we construe the 6th section of the act creating the county of Crenshaw, as commanding the judge to change the venue in any case, as giving a right to the defendant, Rhodes, to have his case transferred to the county of Cren-

shaw, it is clearly and palpably in violation of the constitution—

1st. Because it violates a vested right of Lee & Norton, acquired by the commencement of their suit.

And 2d. It is the exercise of judicial power by the legislative department of the government.—See opinions of Peck, C. J. in the cases of *Sanders v. Cabaniss*, and *Weaver v. Lapsley*, delivered at the January term, 1869.

3. We must not hastily conclude that the legislature intended to exercise judicial power. And this section of the statute must not be so construed as to make it violative of the constitution, if any other reasonable construction can be placed on it. It must, therefore, under this rule of construction, be so construed as to leave the change of venue in the cases provided, to the discretion of the presiding judge. The language of the statute would indicate that this was the intention of the legislature.

If this be a correct construction of the statute, then the refusal of the judge to change the venue cannot be revised by the supreme court, either by *mandamus*, writ of prohibition, or in any other way.—See *Ex parte Banks*, 28 Ala.

4. But even if the law is *imperative*, and is not violative of the constitution; if it gives a *right* to Rhodes to have the venue changed; if it destroys the *further jurisdiction* of Butler circuit court, the appearance of Rhodes, after the passing of the act of the legislature, and asking the court to continue the cause, at the spring term, 1868, was an admission of the continued *rightful jurisdiction* of the Butler circuit court over him; and he thereby waived any right he had, and *consented* to the continued jurisdiction of the Butler court.

Consent can always give jurisdiction as to the *person of the party*.

5. The motion to change the venue at the spring term 1869, in the court below, was nothing more nor less than a plea *to the further jurisdiction pius darrien continuance,*—or it was in the nature of such a plea.

It is a *dillatory plea*, and such pleas must always be pleaded as soon as the law allows; and such a plea is always waived by any act of the party pleading it, which

admits that he is properly in court. *Application for continuance* is such an act.—See *Hair v. Moody*, 9 Ala. ; *Byrd v. McDaniel*, 26 Ala., and other cases cited in Shepherd's Digest.

6. The right to file any dillatory pleas, when presented after the first term of the court at which they ought to be filed, is always addressed to the grace of the court, and the exercise of such *graceful* discretion is not revisable by any court of appeals and errors.

*Per Curiam.*—The sixth section of the act entitled "An act to establish a new county, to be called the county of Crenshaw," approved November 24th, 1866, gave the applicant, as defendant, in the case of Lee & Norton against him, a right to have the suit transferred for trial to the circuit court of said county of Crenshaw, that did not depend upon the discretion of the circuit court of the county of Butler, where the said suit was pending, when the said act was passed ; but it was a right to be granted, only on his application. We hold, however, if no application was made for that purpose, within a reasonable time, the right must be held to be waived.

The act was passed, as we have stated, on the 24th day of November, 1866, and no application was made until the spring term of the circuit court of said county of Butler, in this present year, 1869, more than two years after said act was passed ; and, in the meantime, the said cause was continued by the defendant, the said George W. Rhodes, and no reason is shown by him for this delay.

This, we think, an unreasonable delay—a delay that justified the court in refusing to transfer the cause for trial to the said new county of Crenshaw, when the application was made.

The motion for a *mandamus* is denied, at the cost of the applicant.