THE TOLEDO, WABASH AND WESTERN RAILWAY CO.

*v.*

ISAAC LARMON, for use, etc.

1. NEGLIGENCE—*degree of care required to prevent injury by communicating fire.* While it is lawful for railroad corporations to use steam as a motive power, and to generate the same by fire, the law holds them to the exercise of a very high degree of care and skill in the use of these dangerous and most effective appliances, to prevent the emission of fire sparks from their engines, and in the employment and retention of servants in charge of them, so as to prevent loss to property. Where they have exercised the highest degree of care and skill in this respect, if loss occurs it must fall upon the owner.

2. SAME—*railroads, not insurers against injury by fire.* In an action against a railway company to recover for a warehouse burned by the emission of sparks from one of its engines, the court, at the instance of the plaintiff, charged the jury that, " it is the duty of the defendant, and was its duty, to operate its engines and locomotives and run the same so as to guard against any accident by fire, and to employ such machinery and other agencies for safety to property as might be necessary to avoid accidental destruction, whether such machinery was then in common use, or not, on railroads:" *Held,* that the instruction was erroneous, as the principle it announces would make the defendant a guarantor or insurer against accidents by fire.

3. SAME—*escape of fire is only prima facie evidence of negligence.* In the same case the court instructed the jury that if the destruction of the plaintiff's warehouse was caused by fire escaping from the engine of the defendant while being operated by its servants, such escape of fire is, of itself, evidence of negligence on the part of the defendant: *Held,* that

the instruction ought to have been qualified before being given, as the statute only makes such fact *prima facie* evidence of negligence—not conclusive.

4. INSTRUCTIONS—*whether error in one is cured by another.* Where one instruction states the defendant's liability more strongly than the law warrants, and another of the series states it correctly, if that were the only error, and the instructions were upon minor points, this court would probably not reverse; but where the two instructions relate to the vital point in issue, they are calculated to confuse the jury, and the latter instruction will not cure the error.

WRIT OF ERROR to the Circuit Court of Champaign county; the Hon. A. J. GALLAGHER, Judge, presiding.

This was an action on the case, by Isaac Larmon, for the use of the Illinois Mutual Fire Insurance Company, against appellant. The facts are stated in the opinion of the court. On the trial in the court below, the plaintiff recovered judgment for $2124, and costs of suit.

Mr. O. L. DAVIS, Mr. I. B. MANN, and Mr. A. E. HARMON, for the plaintiff in error.

Mr. J. H. YAGER, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This action was brought to recover the value of a warehouse said to have been destroyed by fire occasioned by sparks from an engine. The warehouse was situated on the "Y" at the junction of the Illinois Central railroad with the road of plaintiff in error, at Tolono. Soon after the engine moved off the "Y" on to the main track the building was discovered to be on fire. It was an old one, and stood near the track, partly on the land of Larmon and partly on the right of way, and had been erected after the tracks were located as they now are, with a knowledge of the hazards from fire escaping from engines moving on the tracks of the two roads. It was covered with shingles, and the roof had never been renewed. Inflammable material had been permitted to accumulate on it.

A portion of the roof descended in the direction of the track until it was not higher than the top of the smoke-stack of an engine.

It seems to us the evidence shows very clearly the engine alleged to have caused the fire was equipped with all the best and most approved appliances to prevent the emission of fire sparks, and it was in good repair at the time.

The difficult question in the case is, whether it was skillfully handled by a prudent and competent engineer. As to the negligence of the engineer in charge, there is a sharp and direct conflict in the evidence.

This being true, we think some of the instructions do not state the law with sufficient accuracy, and may have misled the jury.

At the request of the plaintiff, the court charged the jury, "It is the duty of the defendant, and was its duty, to operate its engines and locomotives, and run the same so as to guard against any accident by fire, and to employ such machinery and other agencies for safety to property as might be necessary to avoid accidental destruction, whether such machinery was in common use or not, on railroads."

This is stating the duty of the company stronger than the law will warrant. The principle announced would make railroad companies guarantors or insurers against accidents by fire, no matter what machinery and appliances they might use, or what degree of diligence they might exercise in the employment of skillful engineers and in the conduct of their business to prevent loss of property. Such is not the law. They have the right, under the franchises conferred by their charters, to use fire to generate steam for the purpose of operating their roads. It is indispensable they should do so. The party who erects his buildings on or near the track knows the dangers incident to the use of steam as a motive power, and must be held to assume some of the hazards connected with its use on these great thoroughfares.

While it is lawful for these corporations to use steam as a motive power, dangerous as it is known to be, the law holds them to the exercise of a very high degree of care and skill in the use of the most effective appliances to prevent the emission of fire sparks from their engines, and in the employment and retention of servants in charge of them, so as to prevent loss to property. When they have exercised the highest degree of care and skill in this regard, if loss occurs, it must fall on the owner. The companies are not and can not be held liable in such cases. *Chicago and Alton R. R. Co.* v. *Quaintance,* 58 Ill. 389, and cases cited.

The court, by another instruction, told the jury, if the destruction of plaintiff's warehouse was caused by fire escaping from the engine of defendant while being operated by its servants, that such escape of fire is, of itself, evidence of negligence on the part of defendant. This instruction ought to have been qualified before it was given.

The statute only makes the fact the fire was occasioned by sparks from the engine *"full prima facie"* evidence of negligence. It is not conclusive. *C. and A. R. R. Co.* v. *Quaintance, supra.*

It is true, in another instruction the court told the jury such fact was only *prima facie* evidence of negligence. Here were two instructions upon a vital point in the case, in which the law is stated essentially and materially different, and may have confused the jury. If this were the only error in the record, and the instructions were upon minor points, we might not be willing to reverse for this cause alone, but the negligence of the company was the all-controling question. If there was no negligence, there was no liability. The propositions of law stated are widely different, and the jury may have been at a loss which to regard as a true statement as applicable to the case.

On account of the errors pointed out, the judgment is reversed and the cause remanded.

*Judgment reversed.*