The Toledo, Wabash and Western Railway Co.

*v.*

Hezekiah Maxfield.

1. Venue—*motion for change must be made at earliest opportunity.* A motion for a change of venue must be made at the earliest opportunity, and if a party fails to do so, his right will be barred.

2. Practice—*special verdict discretionary.* Under the Practice Act of 1872, it is discretionary with the court whether it will direct the jury to

find a special verdict, and no error can be assigned on the refusal of the court to give such an instruction.

3. Negligence—*party building a reasonably safe distance from railroad track not guilty.* Whilst a party who erects his buildings on or near a railroad track is presumed to know the dangers incident to the use of steam as a motive power, and assumes some of the hazards to which his property is exposed, yet, where a party erects his building at a reasonably safe distance from the railroad track, he can not be held guilty of negligence because his building is so situated as to be liable to be set on fire by another subsequently erected in a dangerous proximity to the track.

Appeal from the Circuit Court of Champaign county; the Hon. C. B. Smith, Judge, presiding.

Mr. A. E. Harmon, for the appellant.

Mr. J. S. Wolfe, for the appellee.

Mr. Justice Scott delivered the opinion of the Court:

There was no error in overruling the motion for a change of venue. Should the notice served upon the opposite party be regarded as a petition, it is fatally defective in not being sworn to. The affidavit filed therewith states the knowledge of the prejudice of the judge of the circuit court came to the company since the last term of the court, but does not state the date.

The change of venue was sought on the ground of the prejudice of the judge of the court, who had recently been elected. We take judicial notice of the fact the election for circuit judges took place in June, 1873, and, for aught that is stated in the affidavit, the knowledge of such prejudice may have come to the company in time to have made an application to the judge at chambers to change the venue of the cause. If so, an earlier application should have been made. It is a motion the party must avail of at the earliest opportunity, and a failure to do so will bar the right.

The most serious question in the case arises on the error assigned, that the verdict is contrary to the law and the evidence.

Appellee's dwelling house and its contents were destroyed by fire, communicated from the burning of the Larmon warehouse, which, it is averred, was set on fire through the carelessness of appellant's servants, by sparks emitted from a locomotive on its road. The warehouse was situated on the "Y" at the junction of the Illinois Central railroad with the road of appellant, at Tolono, and appellee's building only a short distance from the warehouse. Soon after the engine moved off the "Y" to the main track, the warehouse was discovered to be on fire, and a high wind prevailing, it drove the flames, with wonderful rapidity, to appellee's dwelling, which, with its contents, was destroyed in a few minutes.

The house of appellee was situated near enough to the warehouse so that the burning of the former might be regarded as the natural and probable consequence of the burning of the latter, and therefore within the principle announced in *Fent et al.* v. *The Toledo, Peoria and Warsaw Railroad Co.* 59 Ill. 349.

Assuming it was incumbent on appellee to prove, substantially as he had averred in his declaration, it was through the negligent conduct of the servants of the company the warehouse was set on fire, which was the proximate cause of the destruction of his own property, we will consider the case with reference to the question whether there is sufficient proof of that fact to sustain the verdict.

Larmon brought an action against the company to recover the value of the warehouse. He recovered in the court below, and on appeal to this court the judgment was reversed. *Toledo, Wabash and Western Railway Co.* v. *Larmon*, 67 Ill. 68. The evidence in that record was from the same witnesses, and was substantially the same as in the present record. We thought then and still think that the evidence shows the engine that is said to have caused the fire was equipped with all the best and most approved appliances to prevent the emission of fire sparks, and that it was in good repair at the time.

If there is any difference, the testimony in this record is fuller and more satisfactory on that point.

It was said in the former opinion : " The difficult question in the case is, whether it " (the engine) " was skillfully handled by a competent engineer." Upon that question, it was said there was a " sharp and direct conflict in the evidence," and so there is in the present case.

The judgment in Larmon's case was not permitted to stand, for the reason it was thought, in view of the sharp conflict in the evidence, some of the instructions did not state the law with sufficient accuracy, and might have misled the jury. The erroneous instructions were upon the vital point at issue, viz : the negligence of the company ; for if there was no negligence, it follows there could be no liability. The errors that were discovered in that record are not found to exist in the case at bar. The law was given to the jury with sufficient accuracy, and there is evidence to warrant the conclusion the engine-driver was guilty of very gross misconduct in the management of the engine.

The warehouse was an old one. It stood near the track, partly on the land of Larmon and partly on the right of way. It was covered with shingles, and the roof had never been renewed since its erection. It is more than probable a good deal of inflammable material had been permitted to accumulate on the roof, a portion of which descended in the direction of the track, until it was not higher than the top of a smoke-stack of an engine. Several witnesses state the engine was driven over the side-track with great rapidity, emitting an unusual volume of fire sparks, such as had never been observed by persons long resident there and accustomed to notice the engines in use. A high wind was prevailing, and if it is true the engine was throwing off such quantities of fire, it was gross negligence in the engine-driver not to have discovered it, and taken measures to have prevented it. One witness, who was in a temporary structure near the track,

describes the cinders that fell upon the roof as sounding like the falling of hail.

All this is denied by the witnesses for appellant, but where the record presents such contradictory testimony from witnesses, so far as we can know, of equal credibility, it is not perceived how we can disturb the verdict. It is the peculiar province of the jury to judge of the weight of the testimony, and, when contradictory, to reconcile it as well as they can. This they have done, and while it may be true we might, and perhaps would, have found differently on the testimony submitted, we are not warranted in saying the verdict is so clearly against the weight of the evidence as to indicate the jury must have been moved by passion or prejudice.

Exception was taken to the refusal of the court to give instruction numbered two. It was copied from the language used by this court in announcing its opinion in Larmon's case. While it is not in the proper form of an instruction, it nevertheless stated a correct principle of law. The same principle was stated in another charge asked and given for appellant, and the court was under no obligation to repeat it.

The court was asked to direct the jury to find a special verdict and return specific answers to three distinct questions of fact. The refusal of the court to give such directions is assigned for error.

This court has several times decided it is discretionary with the circuit court, under the Practice Act of 1872, whether it will direct the jury to find a special verdict, and hence no error can be assigned on the refusal of the court to give such an instruction. *Kane* v. *Footh,* 70 Ill. 587 ; *Barnes* v. *Hanson,* 71 ib. 607.

The court refused to give another charge, which states, in substance, that a party who constructs or occupies a house so situated as to be liable to be set on fire by another erected in a dangerous proximity to the track, is bound to know the hazard of such a location. The case of *The Toledo, Wabash and Western Railway Co.* v. *Larmon, supra,* is referred to in

support of this view of the law. No such rule is announced in that decision. The question did not and could not arise in that case. It was there declared, and we see no reason to depart from the doctrine. that a party who himself erects his buildings on or near a railroad track is presumed to know the dangers incident to the use of steam as a motive power, and hence must be held to assume some of the hazards to which his property would be exposed; but that is not the case here. Appellee's property was situated a reasonably safe distance from the track of appellant's road. It was not in his power to prevent the erection of the warehouse so near the railroad track that danger from fire would be constantly imminent. The fault would rather be upon the company, for permitting its erection so near its road as to make it a constant exposure to the property of other parties who have been guilty of no negligence whatever. It may be true that Larmon was guilty of such contributory negligence, in erecting his warehouse in such dangerous proximity to the railroad, as would bar a recovery on his part, but it by no means follows, persons guilty of no want of ordinary care in the construction of their own buildings can not recover. The proof shows the warehouse was constructed, partly, on the company's right of way. It was in its power to prevent the erection of the building there, but the next adjoining landowner had no such authority. Surely he ought not to be required to abandon the use of his land on that account. In such a case, if loss should occur, it is but just it should fall upon either or both the parties in fault, who rendered it possible for loss to happen. We think there was no error in refusing the instruction.

Perceiving no sufficient reason for reversing the judgment, it is accordingly affirmed.

*Judgment affirmed.*