## PEORIA AND ROCK ISLAND RAILWAY COMPANY

*v.*

## ROBERT MITCHELL.

1. PRACTICE — *change of venue.* An application for a change of venue should be made at the earliest opportunity, and where a party, knowing all the time of the ground relied upon for a change of venue, delays making his motion until towards the latter end of the term of court, and no reason is shown why the motion was not made on the first day of the term, a change of venue will not be granted.

2. SAME — *setting aside default discretionary.* Setting aside a default is a matter of discretion that this court will not control except in extreme cases, and where it is manifest the discretion has been abused to the great wrong and injury of the party complaining.

3. JUDGMENT — *when sufficiently definite and certain.* A judgment against a railroad company, on an appeal from an assessment of damages for land taken by it, which refers to the verdict wherein the land taken is properly described, is sufficiently definite and certain, as to the land for the taking of which the judgment is rendered.

4. EXECUTION — *when should be awarded.* Where the verdict of a jury, on an appeal in a case of assessment of damages for land condemned by a

railroad company, finds that the land has been taken by the company, and not merely that it is proposed to be taken, it is proper to award execution on the judgment.

APPEAL from the Circuit Court of Stark county; the Hon. J. W. COCHRAN, Judge, presiding.

Messrs. INGERSOLL & PUTERBAUGH, for the appellant.

Messrs. McCULLOCH, STEVENS & WILSON, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

An application was made by appellant to the county court of Stark county for the assessment of damages by reason of the appropriation of a portion of appellee's lands for railroad purposes. They were appointed, acted, and made their report to the circuit court, as required under the provisions of their charter. From the finding of the commissioners, so returned, appellee appealed, and, on the case being called for trial, no one appeared on behalf of appellant, and a default entered and the damages were assessed; a motion to set aside the default was entered, but overruled by the court. The record is brought to this court on appeal, and a reversal is asked.

It is first insisted the court below erred in refusing to grant a change of venue of the case. Even if it were conceded that the affidavit contained sufficient grounds, the application was not made in proper time. The affidavit states that the information of the grounds alleged came to the knowledge of affiant at the time the judge was appointed to his office, and the delay in making the application was because negotiations for a compromise were pending. The record shows that the court convened on the 7th day of April, 1873, and the motion for the change of venue was not made until the 17th of that month.

The sixth section of the venue law provides that a change shall not be allowed after the first term of the court at which

the party applying could be heard, unless he shall show the causes have arisen, or come to his knowledge after such term, and shall also give ten days' notice of his intention to apply, except where the causes have arisen or come to his knowledge within less than ten days of making the same. Regular practice required that the application should have been made at the earliest opportunity, for a change of venue. The party had no right to keep parties and witnesses in attendance till toward the latter end of the term, knowing all the time of the grounds relied on, and then make his motion. The statute contemplates no such practice. No reason is shown why the motion was not made on the first day of the term, without delaying ten days. The fact that propositions were pending for a compromise of the case in nowise prevented appellant from filing his petition and entering his motion. Nor was the notice of the intended application given, although the record shows that affiant knew of the grounds certainly ten days before the motion was entered, and we presume for a much longer period. This is a requirement of the statute, positive in its character, and which cannot be disregarded. There was no error in refusing to change the venue.

It is next urged that the court below should have set aside the default. That is a matter of discretion, that this court will not control, except in extreme cases, and when it is manifest that the discretion is abused, to the great wrong and injury of the defendant. In this case we can see no such abuse. The affidavit states that counsel had set the cause for hearing on Thursday of the first week, and on finding the day before that he could not be present at the trial, he telegraphed to opposing counsel to know if he would set the case for some day the next week, when he replied he was willing to fix it for any day of the next week, and appellant's counsel suggested no day, nor did he even reply. This certainly fixed no day, and it was left to the option of counsel to fix the day, which he failed to do.

The opposing counsel had a right to know what day the case

would stand for trial, that he might have his witnesses ready, and not be required to keep them in attendance until some day the following week appellant should indicate that they were ready. Appellant's counsel should have replied, fixing a day. Again, an attorney who was attending to other cases for appellant's counsel, when the case was called on Thursday, and appellee's counsel said he was willing any day should be fixed, so that he was sure of having a trial at that term, when the court suggested there might be no jury the next week, agreed that the case should be set on Saturday, the day it was tried. This attorney undertook to act for appellants, and opposing counsel was not informed that he had no power to act. We fail to see that appellants have any right to insist they have not been fairly dealt by in the matter. Their attorney could have named a day, or the attorney who fixed the day could have telegraphed him that it was fixed for Saturday, and he could have reached Toulon in time to have tried the case. It was all a matter of favor that consent was given to extend the time beyond the call of the case on the docket. Clients have rights, when insisted upon, their attorneys cannot concede for the accommodation of others.

We do not have, nor can we have enough of the facts before us to say whether or not the judgment is or not excessive. That we cannot determine unless we had all the evidence before us. It is, however, claimed that it should only have been for not exceeding fifty dollars. But, even supposing the jury allowed too much for the land taken, they found that appellee had been damaged $75 over and above the land taken, and from the counter affidavit, we think it was proper, or, perhaps, very decidedly too small. It appears that the witnesses varied in the price of the land from fifty to seventy-five dollars per acre; that forty rods of hedge was destroyed, worth two dollars per rod, and about two acres more of land were rendered almost useless, which should have enhanced the damages. Both affidavits considered, we are not prepared to

hold that injustice has been done, or that the court below abused its discretion in refusing to set aside the default.

It is urged that the judgment is indefinite and uncertain. The verdict is specific. It describes a strip of land taken, as one hundred feet wide, etc., as the same is laid out and surveyed over a specified quarter of land. The judgment describes it as " the land taken by the defendant, and assessed by the jury herein." The judgment refers to the verdict, and the verdict to the tract of land and the survey, for a description, and this is so certain that no one need mistake the premises for which the assessment was made and that was condemned for the use of the road. We do not regard the objection as well taken.

It is lastly urged that the court erred in awarding execution. The charter provides that the jury impaneled to try the appeal shall find the value of the land so taken as required by the company, and the damages over and above the benefits which shall accrue to the owner, and that the judgment of the court shall be entered accordingly. According to this provision, the verdict contains all that is necessary, and the judgment is not erroneous. The verdict finds that the land was taken, and not that it was proposed to be taken by the company. And when it is already taken, what other judgment could be properly entered? Surely not a judgment that the company pay when they should take the land. Certainly not a mere finding that appellee had sustained damage to the amount found by the jury, and that the company pay the amount, and leaving appellee to sue upon the judgment if not paid. Appellant says, under the charter, the company have a right to tender the money, and receive a deed. The awarding of an execution in nowise prevents appellant from tendering the money, and if appellee refuses to receive it, the court would stay the execution, but if they fail to make the tender, he should have the power to obtain the money for the land of which he has been deprived, and which the company, without paying for, have appropriated to their use. And the

only effectual means known to the law, is by execution for the money, or proceedings to recover the land.

The judgment of the court below is affirmed.

*Judgment affirmed.*