THE McCORMICK HARVESTING MACHINE COMPANY v.
PERRY HAYES.

#### No. 224.

1. CHANGE OF VENUE—*Affidavit.* A change of venue should not be granted upon a mere suggestion, or upon an affidavit stating conclusions; such change should be granted only for cause true in fact and sufficient in law.

2. EVIDENCE—*Competent, When.* Evidence is competent which tends to prove a material issue upon the trial.

3. ——— *Demurrer—Amendment of Petition.* Where there is some competent legal evidence tending to sustain the plaintiff's right of action, it is not error for the court to overrule a demurrer to the evidence and allow the plaintiff to amend his petition to conform to the proof.

4. INSTRUCTIONS—*Properly Refused, When.* It is not error for the court to refuse to give instructions as prepared by the party requesting the same, where the court gives in its general charge the substance of the instructions requested.

5. FRAUD—*Reformation of Written Contract—Evidence.* In an action to set aside and reform a written contract for fraud and insert other provisions to conform to the alleged original agreement, the proof must be full, clear, and decisive. A mere preponderance of the evidence is not enough; such facts must appear beyond reasonable controversy, and the court should so instruct the jury.

Error from Atchison district court; W. D. WEBB, judge. Opinion filed May 4, 1898. Reversed.

*B. F. Hudson,* for plaintiff in error.

*C. D. Walker,* for defendant in error.

The opinion of the court was delivered by

McELROY, J. : This action was brought on the 20th day of January, 1892, by Perry Hayes against the McCormick Harvesting Machine Company. Plaintiff plead in his petition two causes of action. For a first cause of action, he alleged that, on or about February

1, 1890, the defendant employed him to work for it as special salesman for one year from February 1, 1890, in consideration of $750, payable monthly; that he worked as such salesman until July 8, 1890, when the defendant wrongfully discharged him, and that there was due him from the defendant under said contract the sum of $3.20.   For a second cause of action, he alleged that, on July 8, 1890, the defendant wrongfully discharged him; that he made reasonable efforts to obtain employment elsewhere, which were unsuccessful, and that by reason of the wrongful acts of the defendant plaintiff was damaged in the sum of $437.50.

On motion of the defendant, the court required the plaintiff to make his petition more definite and certain by stating whether said contract was in writing or was a verbal contract.   Afterward, on May 7, 1892, plaintiff filed his amended petition, alleging that the contract was verbal.   On July 2, 1892, the defendant filed a general denial of the verbal contract set out, and alleged the fact to be that both plaintiff and defendant duly executed, on the 29th of January, 1890, a written contract, a copy of which was attached to the answer.   On August 17, 1892, plaintiff filed a verified reply, consisting of general denial and an admission that he signed the contract, and alleged that he did not read it, and did not know what he was signing; that it was signed because of the fraud and false representations made by one Wogan, the agent of defendant; that plaintiff did not discover the fraud until he was discharged; and that the written contract was procured through fraud.   When the plaintiff had rested his case, the defendant filed a demurrer to the evidence.   This was overruled. Thereupon the plaintiff, by leave of the court, filed

his second amended petition. The plaintiff again rested his case, and the defendant demurred to the evidence. This was also overruled. The jury returned a general verdict in favor of the plaintiff. A motion for a new trial was overruled.

An opinion was prepared disposing of this case upon the theory that the action was for relief on the ground of fraud, and was barred by the statute of limitations. Upon a petition for rehearing, the case was again argued and submitted at the March, 1898, term of court. It is insisted by the defendant in error that the record discloses the fact that the plaintiff in error was a foreign corporation, and therefore a resident and citizen of the state wherein it was created; that from the pleadings it does not affirmatively appear that the action was barred; that there was no question of the statute of limitation presented in the pleadings, and such question was not in any manner raised during the trial. A majority of the court are now of the opinion that the statute of limitations had not run at the time the original petition was filed; that the amended petition relates back to that date, and stands in place of and is a substitute for the original petition, and for these reasons the former judgment was erroneous. (*Brown v. Galena Mining and Smelting Co.*, 32 Kan. 528; *Hillyer v. Douglass*, 56 id. 97.)

Complaint is made that the court erred in overruling the defendant's motion for a change of venue. The only evidence offered in support of this motion was the affidavit of Wogan, the agent of the defendant. Wogan was a resident of St. Joseph, Mo. In the affidavit he said that he had been acquainted with the people of Atchison county for more than seven years; that it was his belief that defendant could not have a fair and impartial trial in

1. Change of venue.

such county on account of the prejudice existing; that he had been so informed and that he had heard many expressions from residents of such county clearly indicating such prejudice. A change of venue should not be granted except for cause true in fact and sufficient in law. A case ought not to be transferred to another county or district upon a mere suggestion, or upon an affidavit stating conclusions only. The court properly overruled the application for a change of venue. (*Gray v. Crockett*, 35 Kan. 66.)

The second assignment is, that the court erred in admitting, on the cross-examination of Wogan, incompetent, irrelevant and immaterial evidence. The evidence was competent as tending to discredit statements of the witness that Hayes was discharged for refusing to obey instructions.

The next error alleged is that the court excluded from the jury competent evidence. A portion of the 2. Evidence competent. evidence stricken out related to the substance of a report made by the witness, who was an agent of the defendant, to the managing agent of the company, all of which was incompetent and was properly excluded. From an examination of all the evidence excluded of which complaint is made, we cannot say that any competent material evidence was excluded from the jury. Much of the evidence excluded and of which complaint is made was afterward admitted.

It is contended that the court erred in overruling defendant's demurrer to the evidence. It is probable that, on demurrer, the original petition would have been bad as setting out a contract void under the 3. Demurrer to evidence. statute of frauds. The defendant, however, elected to answer, and set out a written contract, to which the plaintiff replied, in substance admitting the existence of the written contract,

and pleading facts which, if true, would justify the reformation of the contract, and entitle him to judgment for damages. This was the state of the pleadings at the time of the trial. There was some evidence tending to sustain the plaintiff's contention ; therefore the court properly overruled the demurrer and allowed plaintiff's petition to be amended to conform to the proof.

The next proposition urged is that the court erred in refusing to submit to the jury certain instructions. 4. Instructions properly refused. The first, second and fourth were given in the general instructions, so far as they were applicable to the evidence. The other instructions asked were properly refused. But the court erred in giving the following instruction to the jury :

"It is incumbent now upon you to determine what the contract was between the parties to this suit. The burden of proving that the plaintiff's headquarters were to be in Atchison, and that he should not be sent out of territory tributary to defendant's St. Joseph office, and that he should have employment for one year from February 1, 1890, and that there was no agreement that the contract might be terminated upon a written notice of thirty days by either party, rests upon the plaintiff, and this must be established by a preponderance of the evidence," etc.

It appears to us that the court, instead of saying, "and this must be established by a preponderance of the evidence," should have said, "and this must be established beyond reasonable controversy." To set aside a written agreement and insert other conditions therein, the proof should be full, strong, and clear, and " the facts shown beyond a reasonable controversy." A mere preponderance of the evidence is not enough. The necessary facts must appear beyond reasonable

controversy, and the court should have so instructed the jury. The instruction as given was misleading. (*Brundige v. Blair*, 43 Kan. 364.)

The other assignments of error are without merit. On account of the erroneous instruction given to the jury, the court should have sustained the defendant's motion for a new trial.

The judgment is reversed and new trial awarded.

MAHAN, P. J., (concurring specially) : I concur in the conclusion reached, but not in all that is said in the opinion. The supreme court established as a rule of evidence that to modify a written contract upon the ground of fraud or mistake a mere preponderance of the evidence is not sufficient. For the reason that the district court told the jury that a preponderance of the evidence was sufficient to entitle the plaintiff to a recovery, based upon the reformation of the written contract set up in this case, a new trial will have to be awarded, that the defendant may be given the benefit of this rule.