## The Cleveland, Cincinnati, Chicago and St. Louis R. R. Co. v. Robert J. Hornsby.

105    67
a202s 138

1. RAILROADS — *Fact that Fire is Communicated by Locomotive Makes a Prima Facie Case of Negligence.*—Where a person suffers loss by fire communicated by a locomotive engine passing along any railroad in this state, the fact that such fire was so communicated shall be taken as full *prima facie* evidence to charge with negligence the railroad company operating the engine.

2. SAME—*Burden is upon Company to Show Due Care.*—In a suit based upon the above statutory provision, the burden is upon the railroad company to avoid the effect of such assumed negligence by proving that the engine was at the time equipped with the best and most approved appliances to prevent the escape of fire, that the same were in good repair and that they were carefully and properly managed.

Trespass on the Case, for damages from fire set by locomotive. Appeal from the Circuit Court of Macoupin county; the Hon. ROBERT B. SHIRLEY, Judge presiding. Heard in this court at the May term, 1902. Affirmed. Opinion filed November 1, 1902.

GEORGE F. McNULTY and JOHN E. HOGAN, attorneys for appellant.

DAVID E. KEEFE and H. R. BUDD, attorneys for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

Appellee is the owner of a farm in Macoupin county through which appellant's railroad passes. On the 2d of August, 1901, flying sparks from a freight locomotive started a fire in some stubble land of appellee at a point about twelve feet from the right of way, and before the fire could be extinguished, it destroyed five wheat stacks, containing about 800 bushels of wheat, a stack of oats, a large amount of fence and a number of fruit trees. In a suit for damages, appellee recovered a judgment against appellant for $1,390.

Where a person suffers loss by fire communicated by a locomotive engine passing along any railroad in this state, the fact that such fire was so communicated shall be taken as full *prima facie* evidence to charge with negligence the

railroad company operating the engine. Sec. 103, Chap. 114, Hurd's Illinois Revised Statutes. In a suit based upon that statutory provision, the burden is on the railroad company to avoid the effect of such presumed negligence by proving that the engine was at the time equipped with the best and most approved appliances to prevent the escape of fire, that the same was in good repair and that the same was carefully and properly managed. In other words, the plaintiff is entitled to recover when he establishes the fact that his property was destroyed or injured by a fire so communicated, unless the defendant shall affirmatively show that the engine was equipped with the most effective appliances to prevent the escape of sparks, that they were in good repair and that the engine was carefully and skillfully managed by a competent engineer. C. & A. R. R. Co. v. Quaintance, 58 Ill. 389; T. W. & W. R. R. Co. v. Larmon, 67 Ill. 68; C. & E. I. R. R. Co. v Goyette, 133 Ill. 21; American Strawboard Co. v. C. & A. R. R. Co., 177 Ill. 513.

In this case, the evidence clearly shows that the engine was handled by a competent engineer. The frictional questions upon the trial were, whether the engine which caused the fire was equipped with the best and most approved appliances to prevent the escape of sparks, and whether such appliances were in good repair at the time of the fire. Both those questions were answered in the negative by the jury in response to special interrogatories. It is urged that the jury erroneously so answered, and that contention is relied upon for reversal of the judgment. The foreman of appellant's boiler shops at Mattoon, D. W. Sapp, testified that the spark arrester on the engine in question was of the best and most approved pattern for the arrest of sparks, and displayed in court a sample of wire netting like that used on the engine. James E. Ross, an engineer of over thirty years' experience, testified in rebuttal that the arrester was not the best, that the mesh of the sample which was exhibited was too coarse and that an engine would clean itself with such an arrester. It was the peculiar province of the jury to decide in the difference

between these two experts, and we are inclined to the view that they decided it properly.

In support of a motion for a new trial, affidavits corroborating the contention of Sapp and contradicting Ross were presented to the court. The trial court properly refused to hold them sufficient as ground for new trial, for the reason that they were merely cumulative.

It was contended upon the trial and is contended here that the inspection of the spark arrester made before and after the fire was superficial and not such as to justify a finding that it was in good repair. In view of the fact that we think the jury decided the other question correctly, it is unnecessary to express our views as to the inspection.

The jury were correctly instructed, the damages were not excessive, and the judgment will be affirmed.