No. 29,123.

George A. Steele et al., *Appellants,* v. Anna D. Currie, *Appellee.*

(289 Pac. 444.)

Opinion filed July 5, 1930.

*G. H. Lamb* and *W. E. Hogueland,* both of Yates Center, for the appellants.
*F. J. Oyler* and *G. R. Gard,* both of Iola, for the appellee.

The opinion of the court was delivered by

Dawson, J.: Plaintiffs brought this action for damages for being wrongfully evicted from a farm through a writ of assistance illegally procured from the clerk of the district court of Woodson county at the instigation of defendant and her attorneys.

Plaintiffs alleged that they were lawfully in possession of defendant's 150-acre farm in Woodson county for the crop year of 1927 under a contract of lease expiring March 1, 1928. By its terms plaintiffs agreed to pay $60 and the taxes on the farm for 1926. Plaintiffs alleged that they had paid the $60 and had paid the taxes and had performed all the other covenants and agreements of the lease, and had planted suitable crops and had partially harvested the hay and alfalfa grown on the premises. Plaintiffs alleged that in disregard of their rights under the lease, defendant, acting by her attorneys of record, wrongfully and without lawful authority caused a writ of assistance to be issued out of the district court of Woodson county

to evict the plaintiffs from the premises, and pursuant thereto and at the special personal instance and request of defendant, on September 29, 1927, the sheriff evicted plaintiffs and their chattels from the premises. They also alleged that at the time of their eviction—

"The writ of assistance herein referred to was not issued by any lawful order of any court having jurisdiction to issue such writ, but was issued and caused to be served solely and alone upon the request of the defendant herein and her attorneys as hereinbefore set out."

The petition set out items of damage, loss, confiscation of crops and other general and special damages sustained by their eviction, aggregating $2,450, for which sum and for punitive damages plaintiffs prayed judgment.

Defendant's demurrer to this petition was sustained, and plaintiffs appeal.

This is another of that class of cases which not infrequently comes to this court which can be more readily disposed of by considering what argument appellee can advance to support the judgment than to examine in detail what errors can be urged against it. Appellee would justify the judgment by extended references to other litigation between these parties indicated by the writ of assistance, a copy of which was attached to plaintiffs' petition. So far as that other litigation is relevant, it should have been brought into this record by answer or by motion requiring plaintiffs to make their petition more definite and certain in respect to the earlier litigation referred to in the writ of assistance. Here we have nothing before us but plaintiffs' petition. It alleges that defendant and her attorneys wrongfully and illegally, and without any order of any court, caused such writ of assistance to issue whereby they were evicted and sustained damages. Defendant's demurrer to that petition concedes the truth of that allegation. The demurrer in effect says, "What plaintiffs allege is true, but what does that amount to?" And the judgment of the court sustaining the demurrer, in effect, says, "It amounts to nothing." Justice is to be administered in this commonwealth in no such fashion. Our constitution guarantees that for injuries suffered in person or property all persons shall have remedy by due course of law. The remedy provided by law for such wrongs as plaintiffs complained of is the civil action which plaintiffs properly began and which sufficiently stated this cause of action as against a demurrer.

Looking into the matters set out in defendant's counter abstract, however, it would appear that there had been another lawsuit between these litigants, instituted in June, 1927, wherein the owner of the farm, Anna D. Currie, charged that Steele and wife were committing waste, and an order was made in that case on September 17, 1927, decreeing that Steele and wife should do certain things, the exact nature of which is not shown. The judgment roll recites:

"That it is the duty of the defendant [Steele and wife] to carry out the orders heretofore made, and in the event that the defendant fails to carry out the orders heretofore made as the same now stand, that the plaintiff shall have a writ of assistance to enforce the making of the repairs upon the premises and the said defendant be removed from the premises, and that the clerk of the court shall issue the order of writ of assistance to the sheriff and the same shall be carried out as in the manner provided by law."

A copy of the writ of assistance attached to plaintiff's petition contained these recitals:

"Greetings: Whereas, In an action pending in the district court of said county, wherein Anna D. Currie is plaintiff and Geo. A. Steele and Mattie M. Steele, his wife, are defendants, wherein the court granted to plaintiff against the said defendants a temporary restraining order, and wherein the said court ordered that if said defendants did not comply forthwith with the orders of said court as incorporated in the memorandum, court orders and journal entry filed in said case, that said defendants be evicted under this writ from the premises of the plaintiff herein.

"And whereas, The said premises are in possession of Geo. A. Steele and Mattie M. Steele, his wife, who refuse to surrender possession thereof to the said Anna D. Currie, plaintiff, the owner of said premises.

"Now, therefore, you are hereby commanded to dispossess the said Geo. A. Steele and Mattie M. Steele, his wife, and others who may be in possession of said premises, and to place the said Anna D. Currie, plaintiff herein and owner of said premises, in possession thereof, said premises described."

There is nothing inconsistent with the allegations of plaintiff's petition in the recitals of the writ of assistance just quoted. It states that *if* Steele and wife did not comply with the orders of the court, out they should go. But the writ does not recite that the question whether they had complied or not had been heard and decided by the court. Plaintiffs' petition alleged that that important fact never had been determined by the court and no order for their eviction had ever been made pursuant to a judicial finding of noncompliance with the "memorandum, court orders and journal entry filed in said case." (*Lundstrum v. Branson,* 92 Kan. 78, 139 Pac. 1192; *Sutor Bros. v. Hebert,* 117 Kan. 535, 232 Pac. 594.) It was quite obvious from the oral argument of counsel as well as in their

briefs that plaintiffs' allegations to that effect are actually true, aside from their truth being conceded by the demurrer.

Appellee suggests that parol evidence would not be admissible to impeach the regularity of the issuance of the writ. That rule of evidence ordinarily applies where the validity of legal process is subjected to collateral attack. It has no application to the present case, where the writ is subjected to direct attack. It would be a strange doctrine to hold that where parties have wrongfully induced the clerk of a court to issue a writ whereby rights of person or property are seized and subjected to forcible sale or other execution, the invalidity of such writ or process could never be shown by parol testimony, and that in the absence of some written evidence or record the injured party would be utterly without redress. Due process of law and the most elementary notions of justice alike forbid judicial sanction to such a doctrine. (*Hagar v. Haas,* 66 Kan. 333, 71 Pac. 822; *Bowman v. Hazen,* 69 Kan. 682, 77 Pac. 589.)

Appellants would also invoke a review of an adverse ruling on their motion for a change of judges on the ground that the regular presiding judge was an important witness whose testimony was needed to prove that he had never judicially found that the orders of his court had been disobeyed by plaintiff and that he had never signed an order of court for the issuance of the writ of assistance. The court ruled:

"Plaintiffs' motion for change of judges overruled, on the grounds that the record and the files in the case of *Currie v. Steele* need no oral testimony by the judge as to what was or was not done; that the record speaks for itself."

If the record and files of *Currie v. Steele* may be regarded as sufficiently presented in the counter abstract, the trial court's ruling is not erroneous. As we have already said, the record in *Currie v. Steele* appears to be in accord with the allegations of plaintiffs' petition that there never was any such judicial hearing nor any judicial finding of the Steeles' disobedience to the court's orders in the prior case. The defendant and her lawyers simply decided for themselves that the Steeles had not complied with the orders of court and caused the writ of assistance to issue. It follows that so far as now appears in this controversy the motion denying a change of judges was correct. (*Machine Co. v. Hayes,* 7 Kan. App. 141, 53 Pac. 70.) It may not be superfluous to add that if it shall later appear that there is a contested issue of fact where the presiding judge is a material

witness, that matter can again be brought to the trial court's attention at a proper time. (*Gray v. Crockett*, 35 Kan. 66, 10 Pac. 452.)

The judgment of the district court in sustaining the demurrer is reversed and the cause remanded with instructions to set aside its ruling thereon and for further proceedings consistent therewith.