[File No. 6225.]

NELL KINZELL, Appellant, v. W. H. PAYNE, Respondent.

(252 N. W. 624.)

Opinion filed January 30, 1934.

*E. R. Sinkler* and *G. O. Brekke,* for appellant.

*Sullivan, Fleck & Sullivan,* for respondent.

BURKE, J. This is an appeal from an order denying a change of venue made on the application of the plaintiff on the ground that such change would be for the convenience of the witnesses. The affidavit is made by the plaintiff's attorney and alleges, as a ground for the change of place of trial of said action from the county of Burleigh to the county of Ward, that the convenience of witnesses in said action demands such change. There is no allegation or claim directly made in the affidavit that by such change the ends of justice would be promoted. The last paragraph of the affidavit does, however, state that the affiant verily believes that the plaintiff in said action is unable to pay the witnesses for their attendance at Bismarck, North Dakota, even though they could be compelled to attend such trial, and that it would be and is practically a denial of plaintiff's rights to compel her to go to trial without the personal presence of said witnesses. There is a strong showing for convenience of witnesses, if the application is seasonably made.

The application is resisted by the affidavit of the defendant and also an affidavit of one of his attorneys. The affidavit of defendant alleges that on the 26th day of October, 1931, there was served upon him, in said Burleigh county, a summons and complaint in which the venue was laid in Ward county, in said state, and by order of court the action was transferred to the county of Burleigh; that on the 18th day of February, 1932, the action came on for trial in Burleigh county before a jury, the plaintiff presented her evidence and after the defendant had commenced the introduction of evidence in defense, the plaintiff dismissed said action without prejudice; that on the 14th day of March, another summons and complaint was served upon the affiant at his home in the city of Bismarck, by the same plaintiff, on the same cause of action, the complaint being, word for word, similar to the complaint in the action which was dismissed.

The defendant's answer was served on the 29th day of April, 1932, and notice of trial was served upon the defendant for the next regular term of the district court of Burleigh county on the 28th day of May, 1932. A note of issue was duly filed, showing that the last pleading was served April 28, 1932, and the case was placed upon the regular June 1932 calendar with a jury in attendance. The trial judge in his memorandum opinion said: "The case remained on the calendar at the July, October and November terms of the district court of Burleigh county. She makes no move to transfer the case save on the eve of the December term. The plaintiff has not used due diligence. . . . The plaintiff has failed to submit any lawful showing that such change of place of trial would be for the convenience of witnesses, or that same would be in the ends of justice, or that justice would be promoted by the change." The affidavit of the defendant further states that nearly all of the witnesses, referred to in the moving affidavit of the plaintiff to change the place of trial to Ward county, testified at the Bismarck trial either by deposition or in person. That all of the depositions used in said trial and all the exhibits used are in the files of said case in Burleigh county and can be used upon the retrial.

It is well settled that the granting of a change of place of trial for the convenience of witnesses and for the promotion of the ends of justice is a matter of discretion with the trial judge. Curren v. Story, 41 N. D. 361, 170 N. W. 875; Wolfson v. Schieber, 52 N. D. 165,

201 N. W. 830; McConnon & Co. v. Sletten, 55 N. D. 388, 213 N. W. 483. "When the applicants ask for a change of venue on the ground of convenience of witnesses and furtherance of justice, they must show both points." Kiley v. Meckler, 57 N. D. 217, at page 222, 220 N. W. 926. The trial judge bases his decision principally on the laches of the plaintiff in making her application.

The record shows that the last pleading was served on April 29, 1932, and the case went on the calendar of the Burleigh county district court for the June 1932 term, at which term there was a jury and was calendar case number 53. The case remained on the calendar for the July, October and November terms of the district court, and no move to transfer the case was made until the eve of the December term. The trial judge also states that the plaintiff made no affidavit and there was no reason or excuse given why the plaintiff had not signed the affidavits herself.

In the case of Curren v. Story, 41 N. D. 361, 170 N. W. 875, supra, this court said: "The motion for a change of venue was based solely upon the pleadings in the case and the affidavit of one of the defendant's attorneys. The defendant himself made no affidavit, and no reason is shown for his failure to do so." There is authority holding that it is necessary for a party to make the affidavit and that it cannot be made by the party's agent or attorney. These cases, however, are governed by the statute, as in Indiana, in the case of Shattuck v. Myers, 13 Ind. 47, 75 Am. Dec. 236. The statute reads: " 'The Court in term, or the judge in vacation, may change the venue of any civil action, upon the application of *either party,* made upon affidavit showing, etc.' " (The italics are ours.) Our statute is a little different. It reads: "The court may change the place of trial in the following cases: 1. When the county designated for the purpose in the complaint is not the proper county. 2. When there is reason to believe that an impartial trial cannot be had therein. 3. When the convenience of witnesses and the ends of justice would be promoted by the change." Comp. Laws 1913, § 7418. This statute does not provide that the change shall be made on the application of any party, but it says specifically that the court may change the place of trial. It is left to the discretion of the court and there seems no good reason why the court should not grant the change on the affidavit of an attorney in the case,

if the showing is such a showing as appeals to the exercise of the court's discretion.

In the case of Curren v. Story, 41 N. D. 361, 170 N. W. 875, supra, this court did not say that the affidavit, made by the attorney, was insufficient because signed by the attorney, but it held that it was insufficient because it did not give the names of the witnesses or what the witnesses would testify to. It held that from the whole record there was no showing upon which the application for a change of place of trial could be granted.

If the affidavit in the instant case is intended to secure a change of venue for the promotion of justice, the statement that affiant verily believes that plaintiff in said action is unable to pay the witnesses for their attendance in Bismarck doubtless had very little weight with the court. Affidavits on information and belief are entitled to very little, if any, weight. People v. McCauley, 1 Cal. 379; People v. Williams, 24 Cal. 31; People v. Shuler, 28 Cal. 490; People v. Yoakum, 53 Cal. 566; McSherry v. Pennsylvania Consol. Gold Min. Co. 97 Cal. 637, 32 P. 711; Higgins v. San Diego, 126 Cal. 303, 58 P. 700, 59 P. 209; Whitney & Co. v. Sellers' Commission Co. 130 Cal. 188, 62 P. 472; McCormick Harvesting Mach. Co. v. Hayes, 7 Kan. App. 141, 53 P. 70; Re Davis, 11 Mont. 1, 27 P. 342. "Motion for change of place of trial, being dilatory, must be prosecuted with diligence. . . . The matter of delay is primarily a question for the trial court upon the facts of the particular case." 25 Cal. Jur. 907, § 40; 27 R. C. L. 820, § 40; Kirby v. Union P. R. Co. 51 Colo. 509, 119 P. 1042, Ann. Cas. 1913B, 461.

The California statute relating to change of place of trial is the same as the North Dakota statute, except that when the application is made for change of place of trial to the proper county, under the California statute, an affidavit of merit must accompany the application; otherwise the statute is the same.

In the case of Hart v. Forgeus, 184 Cal. 327, at page 330, 193 P. 764, the court said: "In Pascoe v. Baker, 158 Cal. 232, 110 P. 815, the rule of diligence was again recognized. The delay there, as here, was for a few days over two months, and the trial court granted the motion. This court said the matter of undue delay was for the trial court upon the facts of the particular case, and that it could not be

held there was an abuse of discretion in holding that there had not been a lack of diligence. In this case the trial court held the other way; but, as in that case, we do not see how we may fairly hold that there was any abuse of the discretion committed to the trial court. Clearly defendant did not move as promptly as he could have done, and, as we have already said, there was no explanation whatever of the delay in bringing the matter to the attention of the trial court."

In 40 Cyc. 147 it is said: "Independently of such regulations, an application for a change of venue should be made at the earliest opportunity, or at least within a reasonable time, or as soon as practicable after knowledge of the facts upon which the application is based; and if not so made may properly be denied." Hudson v. Hanson, 75 Ill. 198; Peoria & R. I. R. Co. v. Mitchell, 74 Ill. 394; Toledo, W. & W. R. Co. v. Maxfield, 72 Ill. 95; Kelly v. Downs, 29 Ill. 74; Moss v. Johnson, 22 Ill. 633; Ex parte Rhodes, 43 Ala. 373; Spratt v. Huntington, 4 Thomp. & C. 551; Cook v. Garza, 9 Tex. 358; 1 Hyatt, Trials, 267, § 197; Nedved v. Nedved, 59 S. D. 161, 238 N. W. 643.

In the instant case the original action was started in 1931, partly tried in 1932, when the action was dismissed and commenced again on the same cause of action on a complaint identical with the original. Issue was joined in April and while there were several terms of the district court in Burleigh county, the application for change was not made until the eve of the December term of court. In the face of this record, certainly we cannot say that there was abuse of discretion on the part of the trial judge in holding that there was lack of diligence on the part of the plaintiff and the order appealed from is affirmed.

Burr, Ch. J., and Nuessle, Christianson and Moellring, JJ., concur.