LOUISVILLE, EVANSVILLE & ST. LOUIS CONSOLIDATED
RAILROAD COMPANY
v.
N. W. SPENCER.

*Railroads—Negligence—Injury to Farm Lands—Fire —Evidence—Instructions.*

1.  In an action brought to recover from a railroad company, for injury to fruit trees, bushes and vines by fire communicated by sparks from a locomotive engine, it is proper to prove on trial the damage to the real estate by such fire, by showing the difference in value before and after the same.

2.  To satisfy the requirements of the law with respect to spark-arresters this court holds that they must not only be of the most approved kind, but must be kept in suitable and good repair to effect the purpose for which they are designed and used.

[Opinion filed June 26, 1893.]

APPEAL from the Circuit Court of Marion County; the Hon. B. R. BURROUGHS, Judge, presiding.

Messrs. IGLEHART & TAYLOR, and W. & E. L. STOKES, for appellant.

Messrs. FRANK F. NOLEMAN, and SAMUEL L. DWIGHT, for appellee.

MR. JUSTICE GREEN. This was an action on the case brought by appellee to recover from appellant damages to his premises, occasioned by the destruction of fruit trees, berry bushes, vines, hedges, etc., standing and growing thereon, by fire, communicated by sparks from defendant's locomotive engine.

The jury found defendant guilty of the negligence charged, and assessed plaintiff's damages at $1,800. Defendant's motion for a new trial was overruled, judgment was entered on the verdict and defendant took this appeal.

The errors relied on to require the reversal of the judgment, are, the admission of improper evidence on behalf of plaintiff; that the damages are excessive and were assessed for injury to the freehold; that two instructions given for plaintiff were improper and erroneous, and that the evidence did not warrant the verdict. The testimony claimed to have been improperly admitted is Townsend's, who testified without objection to the number of fruit trees, the number of acres of berry bushes and vines destroyed and injured by the fire, and also testified to the value before the fire of the five and three-fourth acre piece of land upon which these trees, etc., were standing, and its value after their destruction and injury; Perrine's, who testified substantially the same facts, and Sherwin's evidence on cross-examination by appellant's counsel, which was not objected to. This evidence is said to have been admitted in violation of the well established and undisputed rule that the *allegata* and *probata* must correspond, and this contention is based upon the theory that the declaration does not aver and claim damages to the real estate of appellee, " but the damage averred is to the trees, hay, mulching, etc." An inspection of the record satisfies us, that by the averments in each count of the declaration, the injury set up and complained of is to the land, the premises, the farm of plaintiff, and the damages claimed are for such injury.

It is also in each count averred that certain fruit trees,

berry bushes, etc., were standing and growing on said premises, and that they were destroyed by the fire, and the value thereof is stated. These averments do not set up a cause of action for the value of the things so destroyed, separate and severed from the freehold, but are employed to describe in part, the character and amount of the injury to the realty; just as in a case where a part of the injury claimed is the destruction of a house on the premises, and its value is averred. These fruit trees, bushes and vines standing and growing upon said premises at the time of the fire, were a part of the realty, and their destruction was an injury to the freehold, diminishing its value and occasioning loss to appellee. Necessarily plaintiff's premises were of greater value before such destruction than after. Hence it is proper for plaintiff to prove what the amount of the difference in value was as a proper guide for the jury in estimating his damages. Such proof was pertinent to the issue and was properly admitted. The two instructions complained of, given for plaintiff, are not obnoxious to the objection that they were calculated to mislead the jury, nor did the court err in giving them, and the damages assessed are not excessive, if the negligence of the appellant is proven as charged, and occasioned the injury complained of. It was not only proven by the evidence, but is admitted in appellant's printed argument, that the fire was caused by sparks from defendant's engine, and destroyed some, and injured others, of the trees, vines, etc., standing and growing on plaintiff's premises.

The amount of the damage so occasioned was also proved to be quite as large as the sum recovered. It is further conceded that a *prima facie* case of negligence as charged was made out, as provided in Sec. 104, page 1949, 2 Starr & C. Ill. Stats. But it is said this *prima facie* case is rebutted by the proof that the most approved spark-arrester was used upon defendant's engine and was examined by a skilled boiler-maker on the day before and the day after the accident, and found to be safe and in good condition, and that the engineer in charge of the engine was experienced, compe-

tent, and performed his duty properly. If it be conceded
these facts standing by themselves, rebutted the *prima facie*
case, yet their effect was overcome by other facts proven.
It appears from the evidence that the fire in question was
started at a distance of seventy feet from the engine, by
sparks and cinders of size and vitality sufficient, after they
had been carried that distance, to set grass on fire; that
sparks or cinders from the same smoke stack a few minutes
afterward set fire at another place adjoining defendant's
right of way at a distance from the engine of between sev-
enty and one hundred feet. These facts tend to negative
the claim that the spark-arrester was in good and safe
repair and condition at the time of the accident, and doubt-
less had weight with the jury.

The examination of this spark-arrester was made on the
day before and on the day after, but not during the day on
which these two fires occurred, and the jury probably found
the examination was not very thorough, if on the day after
such examination the appliance was in the condition it must
have been to permit the escape of sparks and cinders in
size and quantity sufficient to start the fire in question, and
such defective condition not be discovered. To satisfy the
requirements of the law with respect to these appliances,
they must not only be of the most approved kind, but
must also be kept in suitable and good repair to effect the
purpose for which they are designed and used. In the
opinion in T. W. & W. Ry. Co. v. Larmon, 67 Ill. 68, it is said
the law holds railroad corporations to the exercise of a very
high degree of care and skill in the use of the most effect-
ive appliances to prevent the emission of sparks from
engines.

The same rule is announced in C. & A. R. R. Co. v.
Quaintance, 58 Ill. 389, and it is said also the evidence that
the spark-arrester used, was the best and most approved in
use, was not sufficient to show the performance of the duty
required of the corporation, but it must also appear such
appliance was in good repair on the day of the accident, and
if sparks were thrown 150 feet, of sufficient size and life to

ignite the house in question, it must necessarily have been out of repair. See also St. L., V. & T. H. R. R. Co. v. Funk, 85 Ill. 460, and C. & E. Ill. R. R. Co. v. Goyette, 133 Ill. 21.

We are of opinion the verdict was warranted by the evidence, and the damages assessed were not excessive.

The judgment is affirmed.

*Judgment affirmed.*