### Illinois Central Railroad Co. v. L. H. Almon.

1. RAILROADS—*Owner of Land Adjoining the Railroad Not Bound to Keep Same Free from Combustible Material.*—Allowing combustible material to accumulate on land adjoining a railroad is not such contributory negligence by the owner as bars his recovery for a fire caused by the engine of the company. He is not bound to anticipate the negligence of the railroad and guard against it, and has a legal right to use his property in the ordinary and customary way, just as he might had the railroad not been in operation.

2. SAME—*Rule to Ascertain Proximate Cause of Damage Done By Fire.*—Where a fire is kindled by sparks from a locomotive on a field adjacent to a railroad and spreads to property not adjacent, what is the proximate cause is to be determined by the following rule: that every

defendant shall be held liable for all those consequences which might have been foreseen and expected as the result of his conduct and not for those which he could not have foreseen, and was therefore under no moral obligation to take into consideration.

3. DAMAGES—*For Fire Set By Railroad.*—Where a fire is set by a railroad and an orchard and meadow are destroyed, the damage is the depreciation in the value of the realty, caused by the fire.

**Trespass on the Case.**—Damage by fire. Appeal from the Circuit Court of Marion County; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the August term, 1901. Affirmed. Opinion filed March 3, 1902.

Appellee sued to recover damages to her orchard and meadow alleged to have been caused by fire negligently set by appellant.

The declaration contains four counts. The first charges that defendant negligently permitted dead grass, dry weeds, etc., to accumulate and remain on its right of way.

The second charges that the defendants failed to provide its engine with the best known appliances to prevent the escape of fire.

The third charges negligence in general terms in the operation of defendant's railroad and one of its locomotives.

The fourth charges negligence both in regard to the condition of the right of way and of the operation of the railroad and one of its locomotives.

Defendant pleaded the general issue. Trial by jury, verdict and judgment for appellee for $1,500, from which defendant appealed.

The points relied upon by appellant, as stated in their brief by counsel, are, first, there is no evidence that the fire was set out by sparks from appellant's engine; second, the fire was communicated to dry grass and weeds in appellee's orchard from burning grass and weeds on the Annecker land; third, the proximate cause of the burning of the orchard was the negligence of appellee in leaving one-half her orchard full of dry grass and weeds; fourth, the damages are excessive.

The railroad at this point runs in a northeasterly direction and passes through the southeast corner of appellee's

farm, cutting off about sixteen acres. The main body of appellee's land lies north and west of appellant's track. Between appellee's land north of the point where the railroad cuts its east line, is a wedge-shaped tract of land referred to as the Annecker land. The fire started on appellant's right of way, and spread from the right of way to the Annecker land, and from it to appellee's land. Appellee had twenty acres set in orchard, with trees nine years old, and south of the orchard had a meadow. The fire occurred October 1, 1899.

WILLIAM H. GREEN, attorney for appellant; J. M. DICKINSON, of counsel.

FRANK F. NOLEMAN, attorney for appellee.

MR. PRESIDING JUSTICE WORTHINGTON delivered the opinion of the court.

It is urged that there is no proof that the fire was set by appellant's engine. It is true that no witness testifies to seeing sparks from it, but it is in evidence that very soon after the passage of the north-bound freight train, on an up grade, fire was seen in appellant's right of way and on the Annecker land adjoining it, from whence it spread to the land of appellee. The wind was from the south and the fire extended from the right of way in the direction the wind was blowing. It is also in evidence that everything was very dry, and that there was dry grass, etc., on appellant's right of way and on the Annecker land and on appellee's land. In the absence of any testimony tending to show that the fire was not set by sparks from appellant's engine, the jury was warranted from the circumstances proved in finding that it was so set.

It is also urged that, conceding that the fire was started by sparks from the engine, that inasmuch as there was dry grass on the Annecker land over which it spread for a quarter of a mile until it reached similar combustible material on appellee's land, that the starting of the fire on appellant's right of way was not the proximate cause of

burning appellee's property, and that appellee was guilty of contributory negligence in suffering combustible matter to be on her land, and that this was an intervening and proximate cause of her loss.    This position is not tenable. The statute provides that the fact that fire was communicated by an engine, shall be taken as full *prima facie* evidence of negligence.    In the case at bar there is nothing that rebuts this *prima facie* evidence.    Assuming, then, that appellant was negligent, it is not the law that appellee was bound to anticipate such negligence and guard against it. She had a legal right to use her property in the ordinary and customary way just as she might have used it if appellant's railroad had not been operated.    Elliott on Railroads, Vol. 3, Sec. 1260; Strawboard Co. v. C. & A. R. R. Co., 177 Ill. 522; C., C., C. & St. L. v. Stephens, 173 Ill. 430; Ibid., 74 Ill. App. 592.

Nor is this rule different when the property injured by fire is not adjacent to the track.

What is proximate cause in cases where fire kindled by sparks from a locomotive in a building or field adjacent to a railroad, spreads to property not adjacent, is fully considered in Fent v. T. P. & W. R. R. Co., 59 Ill. 351, which is a leading case in this State upon this question.    In this case Mr. Justice Laurence quotes from Parsons on Contracts, Vol. 2, p. 456, as follows :

" We have been disposed to think that there is a principle derivable on the one hand from the general reason and justice of the question, and on the other applicable as a test in many cases, and perhaps useful, if not decisive, in all.    It is, that every defendant shall be held liable for all of those consequences which might have been foreseen and expected as the results of his conduct, and not for those which he could not have foreseen, and was therefore under no moral obligation to take into consideration."

Commenting upon this quotation he says :

"We are disposed to regard this explanation of the rule as clearer, and capable of more precise application than any other we have met with in our examination of the subject."

And again on p. 360 of the opinion :

" We believe there is no other just or reasonable rule than to determine in every instance whether the loss was one which might reasonably have been anticipated from the careless setting off of the fire under all the circumstances surrounding the careless act at the time of its performance."

This rule has been recognized and followed in other cases where the question of proximate cause was involved. Pullman Palace Car Co. v. Laack, 143 Ill. 242; Philips v. Dickinson, Ibid. 14; Summit v. Mitchell, 84 Ill. 200; T. W. & W. R. Co. v. Muthersbaugh, 71 Ill. 572; City of Rock Falls v. Wells, 65 Ill. App. 563.

The law being as above stated, it was for the jury to find as a fact whether the spread of the fire from appellant's right of way to the Annecker tract, and from there to appellee's land, might reasonably have been anticipated.

The testimony shows that combustible material was on appellant's right of way, and upon the Annecker tract. It further shows that everything was very dry, and that the wind was blowing from the south toward appellee's land, and from appellant's right of way.

Under these circumstances, we think the jury was warranted in finding that a fire kindled on dry material on appellant's right of way might reasonably have been expected to spread over the Annecker tract and fire combustible material on an adjoining farm.

It is urged that the damages are excessive. Counsel do not differ as to the rule for estimating damages in a case like this. The damage is the depreciation in the value of the realty, caused by the fire. About ten acres of orchard were burned over and the trees destroyed. Witnesses vary in their estimates of the value of these ten acres before and after the fire. Four of appellee's witnesses who testified as to these relative values, estimated the depreciation at sums ranging from $165 to over $300 per acre. There was also burned about seven acres of meadow worth from three to five dollars an acre, and 400 rails. Other witnesses estimated the value of the trees at such figures as would have made the depreciation of the realty at least $165 per acre,

but did not testify directly as to the amount of deprecia-tion. Defendant's witnesses estimated the total damages at sums ranging from $400 to $600.

The witnesses for both parties appear to have been can-did and competent to express opinions upon the subjects involved. It was the province of the jury, seeing and hear-ing the witnesses, to decide what testimony was entitled to the greatest weight. The amount of damages was a fact to be found by the jury from the evidence, and we can not say that they have erred in their finding.

Appellant urges that there was error in each of the two instructions given for appellee, but as no attention was called to the instructions in the written reasons in support of the motion for a new trial, they are not before us for consideration.

Judgment affirmed.