### Newton M. Champlin, Appellee, v. Baltimore and Ohio Southwestern Railroad Company, Appellant.

1. VERDICT—*when not disturbed as against the evidence.* A verdict will not be set aside on review as against the weight of the evidence unless clearly and manifestly so.

2. DAMAGES—*what evidence competent upon question of, in action for injury to land by fire.* The value of manure may be shown, not as an independent element of damage, but as tending to show the value of the land in question before the fire.

3. INSTRUCTIONS—*when refusal of correct instruction as to interest of plaintiff not ground for reversal.* Where the evidence is not seriously conflicting, the refusal of the court to give the following instruction is not reversible error:

"The jury are further instructed that while the law permits the plaintiff in the case to testify in his own behalf, nevertheless the jury have the right, in weighing his evidence, to determine how much credence is to be given to it, and to take into consideration that he is the plaintiff and interested in the result of the suit."

Action on the case. Appeal from the Circuit Court of Marion county; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the August term, 1907. Affirmed. Opinion filed March 18, 1908.

KRAMER, KRAMER & CAMPBELL and KAGY & VANDER-VORT, for appellant; EDWARD BARTON, of counsel.

CHARLES H. HOLT, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

Appellee owned forty acres of land in Marion county, some twelve and one-half acres of which lay along appellant's right of way and was set to timothy. After the hay crop was cut off on August 5, 1906, a fire, claimed to have been started by sparks from one of appellant's locomotive engines, burned over the meadow and appellee brought suit against appellant for damages.

The declaration was in the usual form, and charged the destruction of twelve acres of meadow grass and meadow sod, two and one-half tons of hay in the stack on the premises, sixteen loads of manure, sixteen fence posts and thirty fence rails. The jury gave a verdict in favor of plaintiff for $130 damages and $25 attorney's fees, and judgment was entered for the total, amounting to $155.

That the property named in the declaration was burned is not questioned, and appellant's attorneys do not contest the liability of appellant to pay damages, but that the verdict is excessive, that the court erred in the admission and rejection of evidence and in instructing the jury, and for these reasons seek a reversal of the judgment.

The value of the property destroyed was a controverted question, upon which considerable evidence was introduced on both sides. The evidence on behalf of plaintiff would have justified a much larger verdict than was returned by the jury, while that introduced

by defendant, tended to show that a less amount would have been full compensation for the loss. Upon the whole, the jury appears to have arrived at a conservative verdict, the amount of which shows no evidence of passion or prejudice on their part.

Appellant complains that appellee was permitted to testify as to the value of sixteen loads of manure, twelve loads of which had been scattered over the land some three months before and four loads only a short time before the fire occurred. This manure, when spread upon the ground, became part of the realty, and it is agreed by both parties that the measure of damages to realty in a case like this is the difference in value of the same before and after the fire. While appellee was not entitled to recover for the value of the manure spread upon the land as a separate item, yet we think the evidence was proper, as it appeared that the manure was on the land at the time of the fire and was burned and lost to the land, and therefore the value of it would have some bearing upon the question of the value of the land before and after the fire; nor could the jury have been misled upon the subject, as the court, in the fourth instruction given for appellant, instructed the jury directly that in determining the question of damages they could not take into consideration any damages to the manure as separate and distinct from the depreciation in the value of the land caused by the fire. Other objections to the admission of testimony related to the manner in which certain witnesses arrived at the value of certain of the property burned and the elements entering into their estimate. This testimony was of minor importance and entirely proper.

Henry Flannigan, a witness for appellee, testified that he saw the fire on the right of way, and on cross-examination said he was between twenty-five and forty rods from it, when he saw a spot burning, about the size of a table. Counsel for appellant then asked him,

"Do you mean to say you was only thirty rods away and saw as little a spot of fire as that only that far away, and did not go and protect your neighbor's property when you could have gone and stamped it out at that time?" Objection was made to this question by appellee and sustained by the court. Appellant very earnestly complains of the action of the court upon this matter. A number of reasons will readily appear why the question was objectionable, but it is sufficient to say that it was not proper, for the reason that it assumed that the witness could have reached the fire in the dry weeds, where he says it started, in time to have stamped it out.

Appellant also claims that the court erred in refusing the first instruction offered by it, which was: "The jury are further instructed that while the law permits the plaintiff in the case to testify in his own behalf, nevertheless the jury have the right, in weighing his evidence, to determine how much credence is to be given to it, and to take into consideration that he is the plaintiff and interested in the result of the suit," and relies on C. & E. I. R. R. Co. v. Burridge, 211 Ill. 9, where the refusal of an instruction identical in language was held to be error.

The refusal of this instruction for appellant presents a serious question, as it stated a correct principle of law, and should have been given by the court. However, in North Chicago St. R. R. Co. v. Dudgeon, 184 Ill. 477, where the trial court refused the same instruction, the Supreme Court held that as there was no substantial conflict in the testimony given by the appellee and that of any other witness upon any matter material to the issue, the refusal of the instruction was not error for which a reversal should be had. In this case the burning of the property mentioned in the declaration by fire from an engine of appellant is not contested, and the only question was as to the amount of damages.

Upon this question the witnesses for the respective

parties merely expressed their opinions, not testifying as to positive facts, and we are of opinion that had the testimony of appellee been entirely excluded, there was remaining sufficient evidence to justify the verdict for the amount found by the jury. Under these circumstances we are not willing to hold that the refusal of the instruction was in this case reversible error.

Appellant objects to instructions 1, 2 and 3 given for appellee, upon the ground that they improperly gave the jury the idea that in computing damages the value of the sixteen loads of manure was to be considered, in addition to the damage to the land itself. It appears, however, from an examination of these instructions that they are not subject to this objection and that such inference could not properly be drawn from them. It is also to be noted that instruction No. 5 given for appellee plainly told the jury that in determining the amount of plaintiff's damages, if any, they had a right to consider the difference in the fair cash value of the meadow land with the stand of meadow sod and manure thereon immediately before the fire and the fair cash value of the land immediately after the fire, and instruction No. 4 given for appellant, as above noted, told the jury in plain language that they could not take into consideration any damages as to the manure as separate and distinct from the depreciation in value of the land.

We find no reversible error in this record, and the judgment of the court below will accordingly be affirmed.

*Affirmed.*