## H. S. Shrigley, Appellee v. Chicago & Eastern Illinois Railway Company, Appellant.

MEASURE OF DAMAGES—*in action for injury to orchards and pasture lands.* In such a case the true measure of damages is the difference in the fair cash market value of the property injured immediately before and immediately after the injury, and this notwithstanding a claim was made and supported by some insufficient evidence that such property had no market value.

Action in case. Appeal from the Circuit Court of Marion county; the Hon. JAMES C. McBRIDE, Judge, presiding. Heard in this court at the March term, 1910. Reversed and remanded. Opinion filed November 12, 1910.

H. T. DICK and KAGY & VANDERVORT, for appellant; E. H. SENEFF, of counsel.

E. D. TELFORD, CHARLES H. HOLT, W. F. BUNDY and FRANK F. NOLEMAN, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This suit was brought by appellee to recover damages for injuries occasioned to his orchards and pasture lands, lying along appellant's right of way, by fire alleged to have been permitted to escape from appellant's locomotives.

The first three of the five counts of the declaration, alleged that the fire started on appellee's land outside of the right of way, while the other two charged negligence on the part of appellant in permitting dead grass, dry weeds and other combustible matter to remain on the right of way, and that the fire started therein and spread and was communicated to appellee's premises.

Appellee recovered a verdict and judgment in his favor for $6,612. Certain special interrogatories submitted to the jury by both sides and the answers returned thereto, indicated that the jury found appellant not guilty upon the first three counts of the declaration, but that it was guilty of permitting said combustible material to remain upon its right of way and that the fires which injured appellee's property, were communicated thereto by passing engines and having started upon the right of way, passed to appellee's premises.

Appellee, as the proofs showed, owned a farm of some 280 acres in Alma township, Marion county, Illinois, upon which were located a blue grass pasture of some thirty-six acres; an apple orchard, about twenty-four years old, of some seven acres; a peach orchard, eight years old, of about twenty acres; a pear orchard five years old, containing fifteen eleven-hundredths acres, and a young apple orchard about five years old, containing about forty-five acres, a portion of which lay along appellant's right of way. On September 25, 1908, a fire, alleged to have been caused by a locomotive engine and found by the jury to have started on appellant's right of way, destroyed about ten acres of

the blue grass pasture, three sixty-five hundredths acres of the old apple orchard, twelve ninety-eight hundredths acres of the peach orchard, all of the pear orchard of fifteen eleven hundredths acres, and twenty-six eighteen hundredths acres of the young apple orchard.

On October 3, 1908, another fire, claimed to have been started in like manner, burned over nineteen five hundredths acres more of the pasture, making a total area of fifty-seven ninety-two hundredths acres burned over by the two fires. In addition thereto, some 300 rods of fence, worth about $100, was destroyed by the fires.

On the trial there was a vigorous controversy between counsel for the respective parties concerning the rule governing the measure of damages in this case. It was insisted by appellant that the correct rule was to ascertain the depreciation in the fair cash market value of the property by reason of the fire, that is, the difference in the fair cash market value of the real property immediately before and immediately after the fire. On the other hand it was contended by appellee that the property had no market value and that therefore the damages must be determined either by proof of the value of the part destroyed, not as a severed article but as a part of the whole, which being ascertained, would measure the extent to which the value of the whole had been diminished; or by means of proof of the fair cash value of the whole, immediately before and immediately after the destruction of a part by fire. The court below approved appellee's theory in regard to the measure of damages and substantially adopted the second of the two methods advocated by him.

In conformity with these views the court gave an instruction for appellee, which told the jury that in determining the amount of damages, if any, they had a right to take into consideration the age, condition, growth and variety of plaintiff's fruit trees and the

quality and character of his pasture and fencing and continued as follows: "and the fair cash market value of his land including said improvements, if the same had a market value, immediately before the fires in question, and if you believe from the evidence that said land did not have a fair cash market value, then the fair cash value, if shown by the evidence, immediately before the said fires, the nature and extent of said fires, the number of fruit trees, the acreage of pasture, blue grass and fencing burned, injured and destroyed by said fires, if any, and the condition of said fruit trees, pasture, blue grass and fencing, if shown by the evidence, and the fair cash market value of said land immediately after said fires, if the same had a fair cash market value and if not then the fair cash value if shown by the evidence immediately after said fires, and to render a verdict in such an amount as you believe from the evidence will compensate the plaintiff for his damages, if any."

Appellant insists that this instruction was wrong in theory and that the giving of it by the court was reversible error. It is well settled in this state that as between the owner of land and a mere tort feasor, fruit trees standing and growing thereon, are real property and a part of the freehold. L. E. & St. L. Con. R. R. Co. v. Spencer, 149 Ill. 97.

It is also equally well settled that where land has a market value and fruit trees are negligently destroyed thereon by a railroad company by fire escaping from its locomotive engines, the damage is the depreciation in the value of the realty caused by the fire. I. C. R. R. Co. v. Almon, 100 Ill. App. 530. The ordinary rule for determining such depreciation is to ascertain the difference in the fair cash value of the real property on the market immediately before and immediately after the fire. Champlin v. B. & O. S. W. R. R. Co., 140 Ill. App. 94.

In Birmingham Fire Ins. Co. v. Pulver, 126 Ill. 329,

it is said that in estimating damages the terms "fair cash value" and "actual cash value" must be considered as practically synonymous, and that the actual cash value of property is the fair or reasonable cash price for which the property can be sold in the market. From this appellant argues that there is no real difference between the terms "fair cash value" and "fair cash market value" as used in the instruction in this case complained of by him, and we are of the opinion that, as a general rule, this contention is correct and that it is especially true in all cases where the property has an actual market value. In this case however appellee contends that the property in question had no actual market value and that therefore it was proper to show what the instruction denominates the "fair cash value" of the property, as distinguished from its "fair cash market value."

It is true that a number of the witnesses stated they had never heard of good orchards in a high state of cultivation, as appellee claims his were, being sold in that neighborhood and it is therefore claimed by counsel for appellee that this orchard had no market value. It appeared however, from the proofs, that other orchards which appellee claims to have been of inferior grade, had been sold. It would be wonderful indeed if land in Illinois, as advantageously located as this appears to have been, bearing a good orchard, should have in fact no market value, and the evidence in this case as a whole, does not show that this land really had no market value. Nor do we think that the rule of law laid down in Sanitary District v. P. Ft. W. & C. Ry. Co., 216 Ill. 575, for determining the measure of damages where property has no market value, was intended to apply to Illinois farm lands either with or without orchards located on them.

It seems to us that the instruction in question was misleading and did not confine the jury to the determination of the actual loss sustained by appellee as they

478    APPELLATE COURTS OF ILLINOIS.

Foster v. East St. Louis & Suburban Ry. Co., 158 Ill. App. 478.

would have been had the ordinary rule for ascertaining damages been followed. The giving of this instruction was therefore in our opinion reversible error.

Appellant's claim that the damages allowed were excessive, does not appear to us to be without foundation. But as this case is to be remanded for another trial under a different rule for ascertaining the damages, we will not go into a discussion of the evidence in the case upon that subject.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*