## Joshua Collins, Jr., Appellee, v. Illinois Central Railroad Company, Appellant.

1. MEASURE OF DAMAGES—*in action where fire originated from railroad right of way.* In such a case the true measure of damages is the difference in the value of the land before and after the damage.

2. APPEALS AND ERRORS—*when admission of erroneous evidence cannot be complained of.* Complaint cannot be made.of the admission of erroneous evidence if such evidence was so admitted without objection and like evidence was adduced by the complaining party.

3. ATTORNEY'S FEES—*when allowance proper.* Allowance of an attorney's fee shown by the evidence to be reasonable is proper where the evidence established that land was damaged by a fire originating upon the right of way of a railroad company which right of way was not free from dry grass and weeds.

Action in case. Appeal from the Circuit Court of Williamson county; the Hon. W. B. SCHOLFIELD, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed April 15, 1911.

WILLIAM W. CLEMENS, for appellant; W. W. BARR, of counsel.

R. R. FOWLER and DENISON & SPILLER, for appellee.

MR. PRESIDING JUSTICE SHIRLEY delivered the opinion of the court.

This was a suit to recover damages alleged to have resulted to appellee from a fire originating upon the right of way of appellant which was not free from dry grass and weeds, and thence spreading to the lands of appellee where his fence, rails, meadow, fence posts and fruit trees were burned.

There was a verdict and judgment in favor of appellee for the sum of $156 damages, and the further sum of $50 for attorney's fees.

The questions raised here on the assignment of errors are, that the verdict is against the weight of

the evidence; that the court admitted improper and incompetent evidence upon the measure of damages; and that the damages are excessive. Appellant introduced no evidence as to how and where the fire started.

A witness Odum, introduced by appellee, testified that shortly after one o'clock in the afternoon while a quarter of a mile away, he saw smoke about the railroad track of appellant; that he and one Anderson went to the place and found fire burning on the right of way and off the right of way; that there were dry grass and weeds on the right of way; that he saw a train pass going south about one o'clock; that the direction of the track was southwest and the wind was from the south. He further states that the fire spread out north and east over the farm of Anderson and onto the premises of appellee. This testimony was in a measure corroborated by other witnesses and we cannot say from the circumstances detailed that the fire was not caused by a spark from the locomotive and that it did not ignite the dry grass and weeds upon the right of way and thence spread to the farm of appellee.

The true measure of damages in a case of this sort is the difference in the value of the land before and after the fire. L. E. & St. L. Con. R. R. Co. v. Spencer, 149 Ill. 97; Same, 47 Ill. App. 503; I. C. R. R. Co. v. Almon, 100 Ill. App. 530; C. & A. R. R. v. Davis, 74 Ill. App. 595.

We are aware a different rule obtains in some jurisdictions where it has been held that the measure of damages for negligent destruction of and injury to fruit trees is the value of those destroyed and the difference in value of those injured before and after the injury, and not the difference in the value of the land on which they stood before and after the injury, but this is not the rule in this state.

In reaching the estimate of the difference in the value of the land it is competent to show the kind of trees; their ages; their thrift in bearing; their number and other circumstances tending to describe the char-

acter of the land with the trees on it and its value; but it is not competent to show the value of each growing tree nor the amount of fruit it will probably bear in the future.

This rule was violated in admitting evidence in this case of the value of the trees but appellant cannot complain as the evidence was admitted without objection and appellant introduced the same character of testimony.

The evidence is not in harmony upon the extent of appellee's damage to his land. The witnesses in his behalf testified to the destruction by the fire of some thirteen peach trees that were thrifty and the serious injury by the fire to some fifty other fruit trees of various kinds; four or five acres of meadow and clover were burned over, and about one thousand rails burned. There is a dispute among the witnesses as to the value and number of these things taken separately from the land.

There was competent evidence in the light of these circumstances showing the extent of the fire, that the difference in the value of the land before and after the fire was $300 less. After examining all the testimony introduced upon the subject, we do not think the amount recovered was excessive.

Complaint is made of the allowance of an attorney's fee of $50 to appellee's attorney. There was evidence this amount would be reasonable and the evidence was sufficient to show the fire originated on the right of way from appellant's locomotive. This being so, the allowance of the fee was authorized by statute.

Finding no reversible error, the judgment will be affirmed.

*Affirmed.*