WILLIAM LANGER, Respondent, v. THE COURIER NEWS et al., Appellants.

(186 N. W. 102.)

**Appeal and error — venue — application for change on ground that impartial trial cannot be had is within court's discretion; denial held not an abuse thereof.**

An application for a change of venue on the ground that an impartial trial cannot be had in the county where the action is pending is addressed to the sound, judicial discretion of the trial court, and the ruling made by the trial court will not be disturbed unless an abuse of discretion appears. In this case it is *held* that the trial court did not abuse its discretion in denying a motion for a change of venue.

Opinion filed Dec. 15, 1921. Rehearing denied Jan. 10, 1922.

Appeal from the district court of Richland County, *Allen,* J.

Defendants appeal from an order denying a motion for a change of venue.

Affirmed.

*Harry Lashkowitz,* for appellants.

An order for change of venue is an appealable order. Bolten v. Donavan, 9 N. D. 575; 84 N. W. 357.

An order denying an application for change of venue is appealable because it affects the merits. Robertson Lumber Co. v. Jones, 13 N. D. 112; Kramer v. Heins, 34 N. D. 507; Candy v. Bissell's Estate 115 N. W. 571; North Dakota Statute.

Our statutes do not prohibit more than one application for change of venue and unless the statutes provide otherwise more than one change of venue can be granted in the same case. 40 Cyc. 179; Hazard v. Wason, 152 Mass. 268, 25 N. E. 465; New Port v. Rowen, 4 Hayw. Tenn. 195; Goodno v. Oshkosh, 31 Wis. 126.

*W. S. Lauder* and *A. G. Divet,* for respondent.

The decision of the trial court will not be disturbed on appeal unless the appellate court, from the whole record, can plainly see that the trial court's discretion was grossly abused. Booren v. McWilliams, 33 N. D. 339; Stockwell v. Hague, 25 N. D. 504; Kramer v. Heins, 34 N. D. 507-512; State v. Gordon, 32 N. D. 31; Territory v. Eagen, 3 Dak. 119; R. C. L. Vol. 27, p. 827.

A party may not use the right to a change of venue simply to prolong litigation. Hudson v. Hanson, 75 Ill. 198; Peoria etc. R. Co. v. Mitchell, 74 Ill. 394; Wheeling v. Black, 25 W. Va. 266; Cook v. Garza, 9 Texas, 358; State v. Matlock, 82 Mo. 455.

"A party applying for a change of venue should do so at the earliest opportunity." Moss v. Johnson, 22 Ill. 633; Smith v. Pelton Water Wheel Co. 151 Cal. 399; Smith v. Amiss, 30 Ind. App. 530-66 N. E. 501; Ellis v. Sterns, 27 S. W. 222 (Texas); Sumner Co. v. Wellington Township 39 Kans. 137.

"The 'abuse of discretion' to justify interference with the exercise of the discretionary power implies not merely error of judgment but perversity of will, passion, prejudice, partiality or moral delinquency." Citizens St. R. Co. v. Heath, 62 N. E. 107, 29 Ind. App. 395; Stewart v. Stewart, 62 N. E. 1023, 28 Ind. App. 378; People v. N. Y. Cent. R. Co. 29 N. Y. 418

PER CURIAM. This is an appeal from an order denying a change of venue. The action is for libel. It was heretofore before this court upon an appeal from an order overruling a demurrer to the complaint. 179 N. W. 909. This court held that the complaint stated a cause of action. The remittitur was filed in the trial court on November 19, 1920. On or about December 29, 1920, an answer was interposed. On March 12, 1921, the defendant made application to change the place of trial from Cass county to some other county upon the ground that an impartial trial could not be had in that county. On April 16, 1921, Hon. A. T. Cole, the district judge, before whom the motion was heard, made the following order:

"The above-entitled action came duly on to be heard before the court at the chambers thereof, in the courthouse in the city of Fargo, Cass county, N. D., on this 16th day of April, 1921, on motion of defendant for an order changing the place of trial of said action. * * * It is now hereby

"Ordered that the said motion be and the same hereby is granted, and the place of trial of said action be and the same hereby is changed from the district court of Cass county, N. D., to the district court of Richland county, N. D., in the Third judicial district of the state; and

"It is hereby further ordered that the clerk of district court of Cass county shall transfer to the clerk of the said district court of Richland county all the records, pleadings and files in said action now on file in his office.

"And it is hereby further ordered that in view of the fact that there is now pending in the district court of Traill county a certain action in which J. R. Waters is plaintiff and Arthur C. Townley is defendant, and that some of the witnesses in said action may be material, important witnesses in the trial of the action herein entitled, the trial of this action shall take place at a time when the witnesses in the said case of Waters v. Townley can attend. This order subject to a further hearing if good cause be shown therefor.

"Dated at Fargo, N. D., this 16th day of April, 1921.

"By the Court:

"(Signed) A. T. Cole, Judge."

Pursuant to said order, the clerk of the district court of Cass county transmitted the papers and the files in the case, to the district court of Richland county, where they were received and filed on April 19, 1921. Subsequently, the defendants made an application before the Honorable A. T. Cole, district judge of Cass county, who made the order transmitting the cause to Richland county, that the case be transferred for trial to some other county than that of Richland. On June 16, 1921, Judge Cole made an order refusing to disturb the change of venue, ordered by him, by the order dated April 16th. On June 21, 1921, the defendants made application before Judge Allen, presiding as judge of the district court of Richland county, that the venue of said action be changed from Richland county to some other county. In support of this application, the defendants submitted some 30 affidavits, including the affidavits of the plaintiff's attorney, who is a resident of Fargo, in Cass county. These affidavits were to the effect that owing to the political aspect of the case, and the public sentiment existing in Richland county, the defendants could not obtain a fair trial in Richland county. In opposition to these affidavits, the plaintiffs served a large

number of affidavits from men who, so far as their affidavits show, were at least as well qualified to speak as those who made the affidavits for the defendants. According to these latter affidavits, defendants can obtain a fair trial in Richland county. After a hearing, the trial judge made an order denying the application for a change of venue. This appeal is taken from that order.

On this appeal, the only error assigned is that the trial judge erred in denying the defendants' motion for a change of venue from Richland county to some other county.

Whether a change of venue should or should not be had on account of local prejudice is primarily one for the determination of the trial court. In other words, an application for a change of venue on the ground that an impartial trial cannot be had in the county where the action is pending is addressed to the sound, judicial discretion of the trial court; and the ruling made by the trial court will not be interfered with unless a manifest abuse of discretion appears. Booren v. Mc-Williams, 33 N. D. 339, 157 N. W. 117. "The reason for the rule is obvious. Whether a change of venue is necessary to obtain a fair and impartial trial is not a question of law, but of fact. A judge on the spot, viewing all the circumstances, and having knowledge of persons, facts and influences is much better qualified than is an appellate court at a distance, with only ex parte affidavits before it, to determine the fact whether or not it is true that the defendant cannot have a fair trial by an impartial jury in the county in which he is indicted or in which the plaintiff has commenced his suit." 4 Ency. Pl. & Pr. 499-502. Upon the record submitted, this court is wholly unjustified in interfering with the ruling of the trial court.

Order affirmed.

CHRISTIANSON, BRONSON, and BIRDZELL, JJ., concur.

GRACE, C. J., did not participate.

ROBINSON, J. (dissenting). This is a political libel suit, a common nuisance case. Three times it has come before this court: (1) On appeal from an order overruling a demurrer to the complaint; (2) a motion

for a stay of proceedings pending an appeal; (3) an appeal from an order denying a change of venue. The libel is this:

### "Langer Wants Control.

"It became clear early in the referendum campaign that two factions were seeking control of the I. V. A. One was headed by Attorney General Langer and the other by President Everson. Langer visited heads of Minneapolis and St. Paul corporations that are financing the I. V. A. early this year and demanded that he be made custodian of the slush funds that were expected in North Dakota. His record was against him, and these gentlemen turned him down, though politely. Because of this Langer is sore, it was said yesterday, and is attempting to build up a machine of his own."

The false innuendo is to this effect: That the purpose and meaning of the libel was to affirm that Langer sought the slush fund to bribe voters at the general election and to corrupt the press, and that it was so understood by those who read the libel. Now that innuendo is clearly false, and yet it is the basis of the action. The libel does not admit of any such understanding. It in no manner indicates that Langer sought the fund for other than legitimate campaign purposes. And without that false innuendo, the complaint would not have been sustained, as it was, by three judges of our court. In two more recent cases the judges have held that even on a demurrer they will not longer hold as true that which they know to be false. All that has a direct bearing on the way in which Judge Allen used his discretion on the motion for a change of venue and a stay.

Pending an appeal from the order denying a change of venue, the court and counsel made preparations to rush the case to trial, and even put it on the peremptory call of the trial calendar. Hence counsel took fright and rushed to this court with a motion for a stay, and he was told that the motion might well be intrusted to the discretion of Judge Allen. Then Judge Allen heard the motion and allowed a stay on five conditions: (1) That within 10 days defendants give a bond in the sum of $2,000 to pay any judgment plaintiff may recover pursuant to the order of Judge Cole made as a condition of granting leave to answer. (2) That within 10 days defendants give a bond in the sum of $5,000 to pay any judgment plaintiff may recover. (3) That within 10 days defendants prepare and present to the court for settlement a statement of the case. (4) That within 10 days after settlement defendants complete

the appeal and cause the record to be transmitted to the Supreme Court with defendants' brief. (5) That within 10 days defendants pay to plaintiff's attorney $100 to reimburse plaintiff for expenses in preparing for the trial. This order and those conditions were so manifestly arbitrary and illegal, unjust and oppressive that the Chief Justice of this court ordered a stay. Now the fair conclusion is that in denying the change of venue and in at once putting the case on the peremptory call of the trial calendar and in denying the stay, unless on such arbitrary conditions, and in all that he did in the matter, Judge Allen did not exercise a fair judicial discretion. And the distinguished lawyers did not deal fairly with the judge in urging or influencing him to do such things. Hence it behooves this court to consider the appeal on its merits and not on false presumptions.

### The Merits.

Without the false innuendo the complaint did not state a cause of action. McCue Case, 39 N. D. 190, 167 N. W. 225.

The action is mainly political, and it may fairly be presumed that every political partisan will incline to the side of his party leader. Twice Mr. Langer has been elected to the office of Attorney General as a candidate of the League party. When he broke with his party in 1919 and became the leader of the opposition, of course it led to bitterness, abuse, and mudslinging. Mr. Langer spent about six months going over the state and denouncing the leaders of the League and the defendants. By the newspapers and the voters in Richland and in Cass counties he was strenuously sustained. In 1920 at the primary election the vote for Governor was as follows:

| | |
|---|---|
| In the State—Frazier | 59,355 |
| "      "      " Langer | 53,941 |
| In Cass County—Frazier | 2,620 |
| "  ,  "      " Langer | 4,521 |
| In Richland County—Frazier | 1,182 |
| "      "      " Langer | 1,941 |
| Barnes County—Frazier | 1,712 |
| "      " Langer | 1,810 |

This shows the pull and influence of the Wahpeton newspapers, the Fargo Forum, and the Grand Forks Herald. The old liners of Wahpeton make affidavits and move heaven and earth to prevent a fair trial in a county where great political bias does not prevail.

True counsel insists that in such a large county as Richland there must be many that are in no way prejudiced—and that is true; but it might be quite difficult to find them. And then it is true that a little leaven leaveneth the whole lump, and that at Wahpeton the leaven of prejudice against the League party is active and powerful. A fair-minded person brought to Wahpeton might quickly be infected by the leaven of prejudice. The case would be wholly different if it were a personal and not a political action. Were this an action on contract or an action with no political flavor, it never would have developed the rancor and bitterness and lack of professional courtesy shown in this case. An ordinary personal action does not appeal to the prejudice of either judges or jurors, but that is not true of a political action between political bosses or chieftains or of any action between clerical chieftains or bishops, especially on matters relating to their creeds.

Counsel insist that the motion for a change of venue was addressed to the discretion of the trial judge—and that is true. And so was the motion for a stay of proceedings pending the appeal. It was addressed to the discretion, and we have seen how that discretion was used. The facts are that most judges are not above the leaven of prejudice and some attorneys are not above using it. Now it is needless to prolong the discussion. It must be conceded that the defendants are entitled to a fair trial and that the chances are ten to one they cannot have a fair trial in Richland county. Hence the order denying a change of place of trial should be reversed, and as Valley City, in Barnes county, is convenient to all the parties, and as it appears the people are not so intensely partisan, the court should order that the place of trial be changed to Barnes county.