CALLENDER *v.* MYERS REGULATOR CO.

GARNISHMENT—CERTIORARI—FILING OF BOND WORKED DISCONTINU-
ANCE OF GARNISHMENT.

> Under 3 Comp. Laws 1915, § 13165, giving of bond by defend-
> ant in garnishment proceedings worked discontinuance of
> garnishment, and therefore writ of certiorari to review denial
> of motion to dismiss proceeding is dismissed.

Certiorari to Wayne; Brown (William B.), J.,
presiding. Submitted April 9, 1929. (Docket No. 94,
Calendar No. 34,058.) Decided June 3, 1929.

Garnishment proceedings by Frank S. Callender
against the Myers Regulator Company, a foreign
corporation, principal defendant, and Briggs Manu-
facturing Company and others, garnishee defend-
ants. Defendant's motion to dismiss garnishment
proceedings was denied, and it seeks review by cer-
tiorari. Upon filing of statutory bond, plaintiff
moved to dismiss writ of certiorari. Writ dismissed.

*Monaghan, Crowley, Reilley & Kellogg,* for plain-
tiff.

*William Henry Gallagher* (*John Panchuk,* of coun-
sel), for defendant.

CLARK, J. Plaintiff had a contract with defendant
corporation by which he became for them a selling
agent. Defendant terminated the contract. Plain-
tiff brought suit claiming damages, $45,000. He filed
affidavit for writ of garnishment, stating his suit was

a personal action arising upon express contract, and that defendant was indebted to him upon such contract in the said sum.

Plaintiff filed bill of particulars claiming damages on the contract of $3,230.37 and damages for breach of contract $41,769.63. A number of garnishee defendants were brought in and filed disclosures. Defendant moved to dismiss the garnishment proceedings on many grounds, among them that the amount claimed to be due as upon contract had been fully paid and that garnishment will not lie for unliquidated damages arising upon breach of contract. The motion was denied. Defendant prosecutes review on certiorari. Subsequently defendant gave bond duly approved to release garnishment as provided by statute, 3 Comp. Laws 1915, § 13165, quoting in part:

"The principal defendant in any such action, wherein process of garnishment shall have been issued, may at any time after service of such process, and previous to the rendering of judgment thereon, file with the clerk of the court his bond, with at least two sufficient sureties, to the plaintiff as obligee in a penal sum equal to double the amount of the claim of the plaintiff, as sworn to in the affidavit filed for the writ of garnishment, and with conditions to pay any judgment obtained against the defendant or defendants in such action, and abide the order of the court therein, and which bond and the sureties thereof shall be previously approved by the judge of the court or circuit court commissioner.   *   *   *   On filing such bond so approved, with the clerk of the court, the proceedings in garnishment shall be thereby discontinued, and the costs thereof shall abide the event of the principal suit; and if the plaintiff shall recover judgment against the principal defendant, on application to the court, execution thereon

may be ordered to issue against the sureties in such bond, as well as the defendant. Whenever any proceedings in garnishment shall be discontinued, by reason of the filing of such bond, as above provided, the clerk of the court shall forthwith notify the attorney for the plaintiff in such suit, of the filing of such bond, and such attorney shall, within twenty-four hours after the receipt of such notice from the clerk, give notice in writing, to the persons against whom process of garnishment shall have been issued, that the proceedings in garnishment in such suit have been discontinued, which notice shall be served upon the attorney for the garnishee, if he shall have appeared by attorney, otherwise upon the garnishee, and may be served in the same manner as other notices are required to be served.''

The condition of the bond is that set forth in the statute. Thereupon plaintiff moved in this court to dismiss the writ of certiorari on the ground that the case here is moot.

Under the plain language of the statute, giving the bond worked a discontinuance of the garnishment proceedings. That being so, there is no occasion to review them on certiorari.

Writ dismissed, with costs to plaintiff.

NORTH, C. J., and FEAD, FELLOWS, WIEST, McDONALD, POTTER, and SHARPE, JJ., concurred.