[File No. 6924]

T. A. SWIGGUM, Appellant, v. VALLEY INVESTMENT COMPANY, a Corporation, Respondent, and B. O. SORBO, Garnishee.

T. A. SWIGGUM, Appellant, v. VALLEY INVESTMENT COMPANY, a Corporation, NORTHWESTERN TRUST COMPANY, a Corporation, and FRED L. GOODMAN, Respondents, and B. O. SORBO, Garnishee.

(15 NW(2d) 467)

Opinion filed August 16, 1944

*George D. Smith,* for appellant.
*Bangs, Hamilton & Bangs,* for respondents.

MORRIS, Ch. J.   This is an appeal from an order of the district court releasing the garnishee in two garnishment actions upon the filing of one bond.   The plaintiff commenced a suit against the Valley Investment Company, a corporation, to recover brokerage commissions growing out of the sale of certain tracts of real estate in Grand Forks County.   A garnishment summons ancillary to that action was issued on November 20, 1943.   Later a second action was instituted by the plaintiff against the Valley Investment Company, a corporation and two co-defendants.   A garnishment summons was issued in connection with this action on December 24, 1943.   Each garnishment summons named B. O. Sorbo as garnishee.   The basis upon which recovery was sought in both actions was the same and the prayers for relief were identical except as to the defendants against whom judgment was sought, the amount of which was $1400, interest and costs.   On January 22, 1944, the court entered the following order:

"In each of the above entitled actions, Application and Motion were made by the Defendants, to file with the Clerk of the above entitled

Court an Undertaking, namely a Bond, executed by a surety company, pursuant to sec. 7586 C. L. 1913, to the effect that the Defendants would pay on demand to the Plaintiff, the amount of the judgment with all costs that might be recovered against said Defendants in said actions, and said Applications and Motions having been duly presented and argued to the Court above entitled, at Grand Forks, North Dakota, on the 24th day of January, A. D. 1944, Philip R. Bangs appearing as Attorney for the Defendants and George D. Smith appearing as Attorney for the Plaintiff, and the Court being satisfied that both actions involve the same claim and that one Bond will be sufficient in both actions,

It is ordered that said Defendants file with the Clerk, one Bond in and for both actions, in the amount of $2000.00 and upon the filing of such Bond, the Garnishee, in each action, shall be discharged and the garnishment proceedings, in each action, shall be dismissed, and any money delivered to any officer shall be surrendered to the person entitled thereto."

The defendants moved to dismiss the appeal upon the ground that the order is not appealable under any of the provisions of § 7841, N. D. Comp. Laws 1913.

A garnishment is a provisional remedy. N. D. Comp. Laws 1913, § 7487. Proceedings against a garnishee are deemed an action by the plaintiff against the garnishee and the defendant as parties defendant. N. D. Comp. Laws 1913, § 7581. Paragraph 3 of § 7841, N. D. Comp. Laws 1913 provides that an order may be carried to the Supreme Court "When an order grants, refuses, continues or modifies a provisional remedy,".

The order in question purports to have been made under the provisions of § 7596, N. D. Comp. Laws 1913. This section permits the defendant in a garnishment action, at any time after the complaint is filed and before judgment, to secure a discharge of the garnishee by filing a bond. The defendant may pursue one of two courses in securing such discharge. He may file with the clerk of court an undertaking executed by at least two sureties who meet the qualifications prescribed by the statute. The amount of the bond shall be not less than double the amount demanded by the complaint. The plaintiff may except to

the sureties within three days. If the sureties qualify or if no objection to them is made, the garnishee shall be discharged. When this procedure is followed the discharge results as a matter of right. Under the second course of procedure outlined by this statute, the defendant may make an application to the court to fix the amount of the bond at less than double the amount demanded by the complaint. In this proceeding the latter course was followed in making the application. There were in fact two identical applications, one in each case. The complaint in each case demanded judgment for $1400 with interest at 4% per annum from December 8, 1941 together with costs and disbursements. The application sought to have the amount of the bond fixed at $1500 or such other amount as the court might fix, the bond to be given by a corporate surety. The plaintiff filed a written objection to the granting of the motion authorizing the filing of a bond of $1500 and set forth that the claim and interest amounted to approximately $1600 and "For the reasons stated the costs consequent in said litigation will amount to a considerable sum; and a bond of less than the sum of $2,000.00 would be wholly inadequate." The same objection was filed in each action. After the hearing the district court entered the order which we have quoted above and from which these appeals are taken.

An application by a defendant under § 7586, N. D. Comp. Laws 1913 to fix the amount of a bond less than double the amount demanded by the complaint is primarily addressed to the sound judicial discretion of the district court. An order made pursuant to such an application may nevertheless be appealable if it grants, refuses, continues or modifies a provisional remedy.

A proceeding in garnishment, though deemed an action under § 7581, is nevertheless ancillary to the main action and is in aid of the collection of any judgment that the plaintiff may obtain against the defendant. As a part of the statutory procedure in the garnishment the defendant is given the right to have the garnishee discharged and the proceedings discontinued, upon the giving of a bond in double the amount demanded by the complaint. The statutory right thus conferred is subject to modification on the part of the court by permitting a bond to be filed for a less amount. The garnishment gives the plain-

tiff the right to hold the garnishee liable for the money or property in his possession owing or belonging to the defendant or, in lieu thereof, have a bond for double the amount of his claim. When the court as a matter of discretion and on application of the defendant fixes the bond at a less amount, this constitutes a modification of the provisional remedy of garnishment. The conclusion is inescapable that such an order modifies a provisional remedy and is appealable under the provisions of § 7841, ¶ 3, N. D. Comp. Laws 1913.

We now come to the merits of these appeals. The chief contention of the appellant is that there is no authority under § 7586, N. D. Comp. Laws 1913 for the giving of one bond to release the garnishee in more than one garnishment proceeding.

A garnishment proceeding is statutory. Park, Grant & Morris v. Nordale, 41 ND 351, 170 NW 555; R. C. Mahon Co. v. Molin, 252 Mich 606, 233 NW 431, 20 Am Bankr Rep(NS) 638. The filing of a bond pursuant to statute terminates the garnishment. Section 7586, supra; Thoen v. Harnstrom, 98 Wis 231, 73 NW 1011; Callender v. Myers Regulator Co. 247 Mich 337, 225 NW 617. The effect of the bond thus being provided by statute the courts only function under § 7586, supra, is to determine whether a bond for a sum less than double the amount demanded by the complaint may be filed with the clerk of court for the purpose of discharging the garnishee. In determining the amount of the bond the court exercises his judicial discretion and considers what sum will adequately protect the plaintiff.

Garnishment proceedings were instituted ancillary to each main action. In this case there are two main actions. The statute gives no authority for permitting the filing of one bond to release a garnishee and dismiss the proceedings in two garnishment actions. In Park, Grant & Morris v. Nordale, 41 ND 351, 170 NW 555, supra, this court held that a garnishment action could not be dismissed in advance of trial upon motion of the defendant supported by affidavits on the ground the averments of the affidavit for garnishment are untrue. In the course of the opinion it is said:

"When the legislature created the remedy by garnishment it provided the means whereby, and prescribed the conditions under which, a defendant might obtain a release of garnishment upon a summary

application in advance of trial. It also specifically and unequivocally indicated the manner and form in which the truth or falsity of the averments of an affidavit for garnishment must be raised and determined. And it is a rule of statutory construction that where the legislature has said that a certain act shall be done in a certain manner, such affirmative requirement will. be deemed to include an implied negative that it shall not be done in another manner."

We can reach no other conclusion but that § 7586, N. D. Comp. Laws 1913 provides procedure by which the garnishee might be discharged and the garnishment proceedings discontinued in each garnishment action and that the court erred in making its order providing that the garnishee in each action should be discharged upon the filing of one bond. The orders appealed from are therefore reversed.

CHRISTIANSON, BURR, NUESSLE AND BURKE, JJ., concur.