[File Nos. 6963, 6964]

T. A. SWIGGUM, Appellant, v. VALLEY INVESTMENT CO., a Corporation, Respondent.

T. A. SWIGGUM, Appellant, v. VALLEY INVESTMENT CO., a Corporation, Northwestern Trust Co., a Corporation, and Fred L. Goodman, Respondents.

(19 NW2d 569)

Opinion filed July 28, 1945.   Rehearing denied August 17, 1945

*Geo. D. Smith,* for appellant.
*Bangs, Hamilton & Bangs,* for respondent.

BURKE, J. Plaintiff has brought two suits upon the same cause of action. In the first suit the Valley Investment Company is the sole defendant. In the second suit the Northwestern Trust Company and Fred L. Goodman are joined as additional defendants. The cases are here for the third time upon appeals from preliminary orders. See Swiggum v. Valley Invest. Co. ante, 396, 15 NW2d 467, and Swiggum v. Valley Invest. Co. ante, 422, 15 NW2d 862. The instant appeals are from separate orders denying a change of the place of trial in each action. Plaintiff made but a single motion which was entitled in both actions. The Notice of Motion stated "the plaintiff will move the above named court, . . . for an order changing the place of trial of both the above entitled actions." The affidavit in support of the motion states "this affidavit is made in support of the one said motion for a change of venue of both said actions." As grounds for a change of the place of trial plaintiff alleged that he could not have an impartial trial in Grand Forks County because of (1) the prominence and influence and wide acquaintance in said county of both the defendant, Goodman, and his attorney and (2) because the defendant, Goodman, and his attorney have circulated and will continue to circulate rumors tending to bring the plaintiff into disrepute with the prospective jurors of Grand Forks County and "that as a consequence unfavorable impressions regarding the plaintiff have gone abroad to an undeterminable number of persons in various parts of the said county; and that a large and material portion, if not all the jurors in said county, have heard or will have heard some subtle comment or statement prejudicial to plaintiff and his cause of action in the said cases."

Error is predicated first, upon the assertion that the court had no power to make separate orders in the two actions after those actions had been consolidated by the acts of the parties and their attorneys, and second, that the motion for a change of place of trial should have been granted upon the merits.

Upon the first contention it is sufficient to say it is clear that the two actions have not been consolidated by the acts of the parties or their at-

torneys. It is true that the acts of the attorneys have not always been consistent but at each stage of the proceedings in these two actions one or the other of the attorneys has objected to a consolidation. In the first instance it was the attorney for the plaintiff who opposed, and appealed from, an order allowing the posting of a single bond to release the garnishee in both actions. Swiggum v. Valley Invest. Co. ante, 396, 15 NW2d 467. In the second instance it was the attorney for the defendants who successfully opposed plaintiff's motion to consolidate the two actions. Upon plaintiff's appeal from the order denying the motion to consolidate, we held that the order appealed from was not an appealable order. Swiggum v. Valley Invest. Co. ante, 422, 15 NW2d 862. This order was still in full force at the time the motion now under consideration was made. In this proceeding both plaintiff's notice of motion and his affidavit in support of the motion were entitled in both actions and stated that the motion was for a change of the place of trial of "both the above entitled actions." The moving papers thus recognized that the actions had not been consolidated. The entry of separate orders in each of such actions was therefore proper.

Plaintiff's contention that it was error for the trial court to refuse to grant the motion for a change of the place of trial rests upon his claim that the "controlling allegations" of his attorney's affidavit in support of the motion were not denied. He states that he was entitled to the allowance of the motion by defendants' default.

Neither the defendant, Goodman, nor his attorney denied that they were prominent, influential and persons of wide acquaintance in Grand Forks County. They did deny that either of them had done any acts or circulated any rumors which would tend to prejudice the plaintiff in the eyes of the people of the county. The defendant, Goodman, also stated that "he does not know of any friends of his who will decide a lawsuit in his favor merely on account of friendship, or 'to show fealty to him' as stated in the affidavit of George D. Smith."

An application for a change of the place of trial of an action upon the ground that an impartial trial cannot be had within the county in which the action was brought is addressed to the discretion of the trial court, and the ruling of the trial court thereon will not be interfered with unless a manifest abuse of discretion appears. Langer v. Courier

News, 48 ND 678, 186 NW 102; Booren v. McWilliams, 33 ND 339, 157 NW 117. Upon the record before us it is clear that the trial court did not abuse its discretion in refusing to grant plaintiff's motion. All of plaintiff's allegations that the defendant, Goodman, and his attorney had used or would use whatever influence they might have to sway the verdict of the jury are denied. The trial judge's decision constitutes a finding of fact sustaining these denials. In the absence of allegations of specific acts which would tend to influence a jury, he could not have found otherwise. All that remains of plaintiff's allegations is that the defendant, Goodman, and his attorney have an acquaintance and popularity in the county which might be used to influence the jury. Whether such circumstance would operate to deprive plaintiff of a fair trial is a matter which is peculiarly within the knowledge of the trial judge and ordinarily his decision upon that question will be sustained. 67 CJ 148. The order denying the motion for a change of the place of trial is affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, BURR and MORRIS, JJ., concur.