[File No. 7191]

REX BRACE, Respondent, v. STEELE CO., NORTH DAKOTA, a Municipal Corporation, Appellant.

(50 NW2d 90)

Opinion filed November 16, 1951

430

*Wallace E. Warner,* Attorney General, *C. E. Brace* and *P. O. Sathre,* Assistant Attorneys General and *Albert C. Bakken, Jr.,* State's Attorney, for appellant.

*Roy K. Redetzke,* for respondent.

BURKE, J. By this action, plaintiff is seeking to recover damages for the flooding of three hundred fifty acres of land, which flooding he alleges was caused by the construction, by the defendant, of a highway across a natural water course. Defendant's answer is a general denial. Leave to intervene as a party defendant was granted to the State of North Dakota and an answer in intervention has been filed. After the action had been noticed for trial, plaintiff moved for a change of place of trial, upon the ground that he could not have a fair and impartial trial in Steele County, the county in which the action was originally brought. This motion was granted and defendants have appealed from the order granting the motion.

In support of his motion plaintiff filed his affidavit in which he stated that the State of North Dakota had commenced an action against him by which the state sought to condemn the land involved in this action, for the establishment of a wild water fowl refuge commonly known as Fuller's Lake Refuge; that the condemnation action and this action are considered companion cases by the general public of Steele County; that the project for the establishment of the Fuller's Lake Refuge has the support of the general public, wild life clubs, other organizations and groups and individuals residing in Steele County; that because of the public demand for, and interest in, the establishment of wild fowl refuge, these cases concerning the land, upon which it is proposed to locate the refuge, have become subjects of general interest and discussion throughout the county; that because of such public interest and discussion, because of the fact that plaintiff is seeking damages from Steele County and all the legally qualified voters in the county have an interest as taxpayers in the suit, there are few, if any, legally

qualified jurors in the county who are unbiased or who have not expressed an opinion on the merits of the actions; that it is generally known in Steele County that plaintiff has extensive land holdings in the county and that by reason of such holdings and because of his failure to effect a settlement of this litigation there is a general public hostility toward him which together with the other matters set forth above would prevent him from having a fair and impartial trial in Steele County.

Four affidavits in opposition to the motion were filed. They are almost identical in content and state that there are 300 residents of the county who are qualified to serve as jurors; that the issues in these cases are generally known only in the southern part of the county and in the city of Hope; that there is very little, if any interest in the cases in the other parts of the county and that plaintiff could have a fair trial in Steele County.

An application for a change of the place of trial upon the ground that an impartial trial cannot be had within the county in which the action was brought is addressed to the discretion of the trial court, and the ruling of the trial judge thereon will not be interfered with unless a manifest abuse of discretion appears. Swiggum v. Valley Investment Co., 73 ND 765, 19 NW 2d 569; Langer v. Courier News, 48 ND 678, 186 NW 102; Booren v. McWilliam, 34 ND 74, 157 NW 698.

The question of whether plaintiff could have a fair trial in Steele County was one of fact. The trial judge, after weighing the allegations of the conflicting affidavits submitted by the parties, reached the conclusion that the interest of the people of Steele County in the subject matter of this litigation was sufficiently widespread and partisan to make it unlikely that plaintiff could have a fair trial in that county and therefore ordered a change of the place of trial.

While the nature of the alleged interest of the people of Steele County, both as promoters of wild water fowl refuges and as taxpayers is not such as would ordinarily give rise to the extremes of partisanship and prejudice which would prevent plaintiff from having a fair trial in that county, we cannot say categorically that such an interest could never have that effect or

that the trial judge's finding that in this case it did have that effect was a manifest abuse of discretion.

The order of the district court is affirmed.

MORRIS, C.J., and GRIMSON and CHRISTIANSON, JJ., concur.

SATHRE, J., disqualified did not participate.