David M. HOVLAND, Plaintiff and
Respondent,

v.

Odin J. WALLER, Defendant and Appellant.

Harriet Lucille HOVLAND, Linda Jean
Hovland, Alice Carol Hovland, Lorraine
Ethel Hovland, and Diane Joyce Hovland,
Minors, by David M. Hovland, their Guard-
ian ad litem, Plaintiffs and Respondents,

v.

Odin J. WALLER, Defendant and Appellant.

Nos. 7850, 7851.

Supreme Court of North Dakota.

Oct. 29, 1959.

Greenwood & Swanson, Dickinson, and Gene Huntley, Baker, Mont., for defendant and appellant.

Mackoff, Kellogg, Muggli & Kirby, Dickinson, for plaintiffs and respondents.

STRUTZ, Judge.

The above actions against the defendant were commenced in the district court of Slope County, sixth judicial district, the county of which the defendant is a resident. After issue had been joined, the plaintiffs moved for a change of venue and place of trial from Slope County, in the sixth judicial district, to Stark County, in said district, basing such motion on the following grounds:

1. That the convenience of witnesses and the ends of justice would be promoted by such change; and

2. That there is reason to believe that an impartial trial of said actions cannot be had in Slope County, North Dakota.

The motion was supported by eleven affidavits, including the affidavit of the plaintiff David M. Hovland, setting forth that Slope County does not have facilities to hold a term of the district court and that no litigation was pending in such county except the above cases; and further showing that the facts giving rise to the plaintiffs' alleged causes of action had been widely discussed throughout the county of Slope, a county of very limited population, and that it would be difficult to obtain a fair and impartial jury to try these cases in Slope County. Some of the affidavits further set forth that the convenience of the witnesses for the plaintiffs and the ends of justice would be promoted by such change of venue and place of trial.

The defendant filed a written response to the plaintiffs' motion for change of venue, making no resistance to the motion for change of venue from Slope County if no jury term was to be held in the district court of Slope County within the reasonable future. The defendant did, however, resist the plaintiffs' motion for change of place of trial to Stark County, setting forth that the convenience of the witnesses required that the trial be held in Bowman County or some other place of trial equally accessible to the witnesses for both the plaintiffs and the defendant.

This resistance to plaintiffs' motion for change of venue was supported by but one affidavit, that of the defendant himself. The motion came before the trial court for determination on the second day of June 1959 at 10 o'clock a. m. After hearing the argument of counsel for the various parties, in support of and in opposition to the motion of the plaintiffs, and having considered the affidavits of the parties submitted in support of and in opposition to such motion, the trial court made its order changing the venue and place of trial from Slope County, in the sixth judicial district, to Stark County, in the same district, and ordered the clerk of the Slope County district court to transfer the said cases to the clerk of the district court of Stark County. The defendant has appealed to this court from the order granting such motion for change of venue.

The defendant's main argument is based on the fact that, in the oral argument in support of the plaintiffs' motion for change of venue to Stark County, the plaintiffs' attorney made the following comment:

"* * * we grant that Bowman County is a convenient place for it, they have hotel facilities, I guess the court room facilities are fair, but Bowman County would present the problem of impartiality of jurors. It is not as desirable as other counties. Bowman County borders on Slope County * * * on the northwestern boundary of Bowman County. The litigants in

this case live near Rhame, which is near, I think. * * *"

 An application for change of place of trial for the convenience of witnesses is addressed to the sound, judicial discretion of the trial court, and this court will not interfere unless an abuse of discretion is shown. Gessner v. Benson, N.D., 79 N.W.2d 152; Langer v. Courier News, 48 N.D. 678, 186 N.W. 102. The same is true in case of an application for change of venue for promoting the ends of justice. Kinzell v. Payne, 64 N.D. 383, 252 N.W. 624. This court has also held that an application for change of place of trial, on the ground that an impartial trial cannot be had within the county in which the action was brought, is also addressed to the discretion of the trial court, and that the trial court's ruling thereon will not be interfered with unless a manifest abuse of discretion is shown. Swiggum v. Valley Investment Co., 73 N.D. 765, 19 N.W.2d 569; Brace v. Steele County, 78 N.D. 429, 50 N.W.2d 90.

The plaintiffs' affidavits adequately support the motion for such change of venue and set forth the names of the plaintiffs' witnesses for whose convenience a change is asked, listing witnesses who are not parties to these actions. Parties are not considered witnesses in an application for change of venue on the ground for convenience of witnesses. McConnon & Co. v. Sletten, 55 N.D. 388, 213 N.W. 483; Kiley v. Meckler, 57 N.D. 217, 220 N.W. 926.

The defendant submitted only his own affidavit in opposition to such motion. He relies almost entirely upon the statement contained in the plaintiffs' argument conceding that Bowman County would be a convenient place for such trial. Such statement on the part of the plaintiffs' counsel in no way concedes that the defendant's contention, that such county would be more convenient than Stark County, is correct. Nor do the plaintiffs, by such statement of their counsel, withdraw their motion for change of venue from Slope County to Stark County.

The trial court has jurisdiction to change the place of trial, on a proper showing, to any adjoining county within the judicial district.

The trial court did not abuse its discretion in granting the plaintiffs' motion for change of place of trial. The order granting such motion for change of place of trial is affirmed.

SATHRE, C. J., and MORRIS, BURKE and TEIGEN, JJ., concur.