Patrick LININGTON, Plaintiff
and Respondent,

v.

McLEAN COUNTY, a Political Subdivision of
the State of North Dakota, Defend-
ant and Appellant.

No. 8399.

Supreme Court of North Dakota.

April 27, 1967.

Pringle, Herigstad, Meschke, Loder, Mahoney & Purdy, Minot, for plaintiff and respondent.

Duffy & Haugland, Devils Lake, and William F. Lindell, Washburn, for defendant and appellant.

STRUTZ, Judge.

The defendant has appealed from an order of the district court of McLean County,

changing the place of new trial granted in the above action from McLean County to Burleigh County, which order was entered on motion of the plaintiff.

The plaintiff had brought the action against McLean County for alleged personal injuries suffered in a collision between an automobile in which the plaintiff was riding as a passenger and a road grader owned by the defendant County and operated by one of its employees. The case was tried to a jury in McLean County in April of 1965 and the jury returned a verdict for the defendant, dismissing the plaintiff's complaint. The trial court, the Honorable W. C. Lynch presiding, thereafter granted plaintiff's motion for judgment notwithstanding the verdict or, in the alternative, should the Supreme Court reverse the order granting judgment notwithstanding the verdict, for a new trial on all of the issues. On appeal, this court set aside the judgment notwithstanding the verdict but affirmed the trial court's order granting a new trial. *Linington v. McLean County (N.D.)*, 146 N.W.2d 45.

The plaintiff thereafter made a motion for a change of place of trial from McLean County to Burleigh County, which motion was granted by the trial court. This appeal is from the order granting the motion for change of place of trial.

The sole issue confronting us on this appeal is whether the trial court abused its discretion in granting such motion for change of place of trial from the district court of McLean County to the district court of Burleigh County.

█ An application for a change of place of trial of an action upon the ground that an impartial trial cannot be had in the county in which the action is brought is addressed to the sound, judicial discretion of the trial court. This court, on appeal, will not interfere with the ruling of the trial court unless an abuse of discretion is shown. Hovland v. Waller (N.D.), 98 N.W.2d 893; Brace v. Steele County, 78 N.D. 429, 50 N.W.2d 90.

The trial court may order the change of place of trial when there is reason to believe that an impartial trial cannot be had in the county designated in the complaint. Sec. 28-04-07(2), N.D.C.C.

The question of whether the plaintiff could have received a fair trial in McLean County was one of fact. The trial court, after weighing all of the allegations and the contentions of both the plaintiff and the defendant, reached the conclusion that the interest of the people of McLean County was sufficiently widespread and sympathetic to McLean County so that, for that reason, together with other reasons urged in support of the motion for change of place of trial, it would be impossible, or at least unlikely, that the plaintiff could receive a fair trial in McLean County. The court therefore ordered a change of place of trial. Some of the reasons given by the trial court for its decision on the motion carry very little weight, and would not have been sufficient, standing alone, to warrant the granting of the motion for change of place of trial. We believe that all of the grounds, however, considered together, were enough to justify the court's granting the motion.

█ We cannot say, from the record before us on this appeal, that there was a manifest abuse of discretion on the part of the trial court in granting the motion for change of place of trial. Therefore, the ruling of the court on such motion will not be reversed, and the order appealed from is affirmed.

TEIGEN, C. J., and ERICKSTAD, KNUDSON and PAULSON, JJ., concur.