LEE v. EGREN.

GARNISHMENT — TERMINATION — BOND — CONTRACTS — PRINCIPAL AND SURETY.
  Garnishment proceedings are terminated and a contractual relationship which lasts until plaintiff's claim is finally adjudicated against defendant is created by a garnishment bond whereby the principal defendant and his surety agree to pay any judgment entered against defendant upon filing of an approved bond with the clerk of the court and notice that bond has been filed; therefore granting a motion to quash a garnishment after the garnishment has been terminated by the giving of bond is error.

Appeal from Court of Appeals, Division 3, Danhof, P. J., and Quinn and McGregor, JJ., denying application for leave to appeal from Wayne, George E. Bowles, J. Submitted January 16, 1970. (Calendar No. 16, Docket No. 52,522.) Decided April 13, 1970.

Complaint by Paul G. Lee, Sanford L. Schuyler, Charles T. Staley, and Salvatore C. Tabacco against Moe D. Egren, doing business as Bond Bilt Con-

REFERENCE FOR POINTS IN HEADNOTE
6 Am Jur 2d, Attachment and Garnishment § 523.

tractors, for breach of sales commissions contract. Writ of garnishment issued. Surety bond was filed and garnishee was released from liability. Defendant's motion to quash the writ of garnishment granted. Plaintiffs' application for leave to appeal to the Court of Appeals denied. Plaintiffs' motion for rehearing filed with Court of Appeals denied. Plaintiffs' application for leave to appeal to the Supreme Court granted. Trial court reversed and remanded.

*Frazer & Popkin,* for plaintiffs.

*Samuel W. Barr,* for defendant.

KELLY, J. Defendant was engaged in the home modernization business in the city of Detroit. Plaintiffs, claiming that as salesmen they had earned under an express contract $39,377.85, filed their complaint in the Wayne county circuit court. Their claims were as follows: Lee, $3,843.85; Schuyler, $8,293.40; Staley, $23,384.11; Tabacco, $3,856.49.

A writ of garnishment was issued on an affidavit of counsel for the plaintiffs, stating that said cause was a personal action arising upon express contract, and the National Bank of Detroit and Bond Bilt Construction Company were made garnishee defendants.

Defendant Egren, as principal, and Fidelity & Deposit Company of Maryland, as surety, gave a bond in the amount of $39,377.85. The condition of the bond was that if Egren, defendant, paid any judgment entered against him in said action, then the bond "shall be void, otherwise to remain in full force and effect."

After testimony had been taken for six or seven days, Honorable George E. Bowles, Wayne circuit

judge, referred the matter to a circuit court commissioner to take further testimony in order to determine:

"1. What was the contract between each plaintiff and defendant, and

"2. Were the plaintiffs independent contractors, joint adventurers or employees of defendant."

After "extended hearings," the commissioner filed his report "that Mr. Staley was an employee of the defendant."

Judge Bowles "rejected" the commissioner's findings, and in an opinion dated December 27, 1967, stated:

"In legal contention is the nature of the relationship between Staley and defendant.  *  *  *

"One cannot review the whole of the testimony without concluding that plaintiff has failed to establish by a preponderance of the evidence a clear and unambiguous undertaking; the plain fact is that there were a variety of undertakings or understandings and that changes and accommodations were made depending upon the nature of the contract negotiated, the trade and business conditions obtaining at the time. While there is a want of evidence that plaintiff had arrangements or undertakings different from those of other personnel, the testimony of witnesses D'Amico and Leeds shows specific changes on certain jobs or types of jobs as reflected, for example, in set commissions which it is clear plaintiff accepted. Plaintiff, therefore, must fail so far as an assertion of a claim based upon express oral contract. However, he is not foreclosed, nor is defendant on its counterclaim foreclosed from proceeding on the basis of quantum meruit."

Defendant then filed a motion to quash garnishment, alleging:

"That it is unjust and unwarranted in requiring the defendant to post the bond or make him further liable for garnishment on the plaintiff Staley's claim in view of the decision of the court wherein a finding was made that plaintiff Staley did fail to sustain a burden of proof upon any express or implied contract."

Granting defendant's motion to quash, Judge Bowles stated:

"Defendant moved to quash the writ of garnishment principally on the basis that the affidavit for writ of garnishment recites, among other things 'that the said cause is a personal action arising— on an express contract * * * '.

"The court has held that plaintiff Staley failed to establish an express contract. However, the affidavit and writ related to the claims of all four plaintiffs here, and the three remaining plaintiffs are entitled to the benefit and protection of the writ as issued. It will be provided that only those funds representing the face value of the claims of the remaining three plaintiffs may be tied up; that is, if there is any excess under restraint above the face value of the three remaining claims such amount or amounts may be released."

Judge Bowles, in a further opinion, on June 28, 1968, stated:

"As to the earlier order reducing the amount of funds reached by writ of garnishment, a review of the opinion filed in respect to plaintiff Staley clearly shows that the court held that plaintiff Staley failed to establish, by a preponderance, the express contract which he alleged and which he attempted to establish upon contested trial. Since the garnishment was based upon express contracts, as shown by supporting affidavit, the court, it is believed, properly reduced the amount reached by garnishment to the face amounts of the three remaining

claims which, too, are based upon express contract, there having been no determination, one way or another, as to these claims. That order will stand. * * *

"Although we have not yet determined whether or not the three plaintiffs may prevail upon express contract, as a pleading matter, I do not perceive any reason why the amended pleading was not properly filed as to all claims and I am, therefore, constrained to reverse myself and to allow the filing of such amended complaint as to all claimants here. * * *

"I am most concerned about the age of these cases. As soon as the transcript can be made available I believe that all matters left should be brought on for immediate trial and disposition."

The Court of Appeals denied plaintiffs' application for leave to appeal. This Court granted leave. 382 Mich 781.

Plaintiffs contend:

"The posting of the bond and the order releasing garnishee defendants constituted a discontinuance of the garnishment proceedings and the motion to quash writ of garnishment is moot",

and cite *Callender* v. *Myers Regulator Co.* (1929), 247 Mich 337.*

---

*In this case plaintiff commenced suit by summons and filed garnishment affidavit stating his suit was a personal action arising upon express contract. Defendant moved to dismiss the garnishment proceedings upon many grounds. The motion was denied and defendant reviewed by certiorari. Pending decision, bond was given to release the garnishment. At the hearing on certiorari, the court said (p 339):

"The condition of the bond is that set forth in the statute. Thereupon plaintiff moved in this court to dismiss the writ of certiorari on the ground that the case here is moot.

"Under the plain language of the statute, giving the bond worked a discontinuance of the garnishment proceedings. That being so, there is no occasion to review them on certiorari.

"Writ dismissed, with costs to plaintiff."

The following from defendant's brief sets forth his argument as to why Judge Bowles' ruling should be upheld:

"Plaintiffs-appellants cite *Callender* v. *Myers Regulator Co.* (1929), 247 Mich 337. This case was decided under the statute then in effect (CL 1948, § 628.44). This statute has been repealed by the Revised Judicature Act of 1961 (CLS 1961, § 600-.4011; Stat Ann 1962 Rev § 27A.4011). This placed jurisdiction for issuance of garnishment and all proceedings thereunder within the General Court Rules of 1963, so that garnishment is regulated by rule 738 GCR 1963.

"The statute under which the *Callender* case was decided is similar to rule 738.14, GCR. However, the rules now give to circuit court much greater discretion and power relating to bonds on garnishment. Rule 738.16 GCR provides, *inter alia:*

" '.16 Dissolution of Garnishment Without Bond.

" '(1) In exceptional circumstances, on notice and hearing, the court may, in the interests of justice, set aside a garnishment in whole or in part upon the furnishing of a bond in an amount less than prescribed in sub-rules 738.14 and 738.15. The court should give full consideration to the following factors:

" '(a) The nature of the plaintiff's claim, whether it is liquidated or unliquidated;'
and provides the basis for the court's action in this case."

The rule defendant relies upon does not apply to the facts in this appeal. Under our court rules, GCR 1963, 738.15(3), garnishment proceedings were terminated upon the filing of the approved bond with the clerk of the court and notice that the bond had been filed, and a contractual relationship was entered into between "Moe D. Egren, as principal, and Fidelity and Deposit Company of Maryland, as

surety," agreeing to "pay any judgment entered against him (defendant) in said action," which contract remains in force until plaintiff Staley's claim is finally adjudicated.

Case remanded, stressing the trial court's statement that it "be brought on for immediate trial and disposition". Costs to plaintiffs.

T. E. BRENNAN, C. J., DETHMERS, BLACK, T. M. KAVANAGH, ADAMS, and T. G. KAVANAGH, JJ., concurred with KELLY, J.